336 So.2d 399 (1976)
VENETIAN SHORES HOME AND PROPERTY OWNERS and Other Adverse Interested Parties, Petitioners,
v.
Henry C. RUZAKAWSKI and the Department of Transportation, State of Florida, Respondents.
No. 76-166.
District Court of Appeal of Florida, Third District.
August 3, 1976.
Rehearing Denied August 31, 1976.
Wolf & Schoninger, Miami, for petitioners.
James A. Baccus, George L. Waas, Geoffrey B. Dobson and Winifred Sheridan Smallwood, Tallahassee, for respondents.
Before PEARSON and HENDRY, JJ., and SACK, MARTIN, Associate Judge.
PEARSON, Judge.
We are presented with a petition for writ of certiorari which seeks review of a final order of the Department of Transportation of the State of Florida which granted the application of the respondent Henry Ruzakawski to use a portion of Snake Creek in *400 the Florida Keyes as a private seaplane base. The order was entered by the Secretary of Transportation (Florida Department of Transportation). The order provided that the findings of fact, conclusions and recommendations of the Hearing Examiner were adopted "as modified" and proceeded to modify the Examiner's recommended order by providing that the license order, in fact, be issued.
We have jurisdiction to review this order pursuant to Fla. Stat. § 120.68 and FAR 4.5(c). The petitioners contend that the Department of Transportation erred in overruling the finding of the Hearing Examiner that the landing and take-off site was not adequate in that the prior existing uses and physical impediments of the designated area would make the use of the proposed site hazardous to nearby life and property. Other contentions are advanced but we hold they are without merit. We hold that the position outlined above is meritorious because the Department of Transportation was without authority to make a finding which is contrary to that of its Hearing Examiner when the finding of fact by the Hearing Examiner is supported by competent and substantial evidence in the record of the hearing.
Section 120.57(1)(b)(9) of the Florida Statutes, which is a part of the Administrative Procedure Act, provides for agency action upon the basis of the findings of the Hearing Examiner as follows:
"9. The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines that a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court, in reversing an agency's order, finds that such agency action was done in bad faith or maliciously, the court may award attorney's fees and costs to the aggrieved prevailing party."
The findings of the hearing examiner were as follows:
* * * * * *
"The site of the proposed landing and take-off area desired by the Applicant to be licensed is inadequate for the proposed purpose.
"The granting of a certificate of site approval and license to the Applicant, as applied for, should be denied.
"CONCLUSIONS: Section 330.30(1), Florida Statutes, 1973, provides the basis upon which licensing should be granted or denied. One of these conditions is that the site is adequate. Chapter 14-60.07 G. (8), of the Florida Administrative Code as adopted to implement the Statute provides:
`No seaplane base shall be approved which requires aircraft to operate in close proximity to a bridge, public beach, power line, boat dock or other area which could constitute a danger to persons or property.'
"The evidence in this case clearly demonstrates that the area of Snake Creek upon which he desires a license for use as a landing and take-off site is not adequate for that purpose as provided by the law and the implementing Administrative Code. This area is already subject to uses inconsistent with the Applicant's desires. These uses include a bridge, power line, boat docks and uncontrolled recreational activities, all of which, are proscribed by regulation as above cited. It is true that the Applicant has gone to considerable length in acquiring authorization from at least three levels of government and no less than five agencies. However, this authorization dealt *401 with navigable airspace and his seaplane ramp. He has even been advised that the geometric configuration of Snake Creek would meet the minimum standards of site approval. All of this is unfortunate and must be frustrating to the Applicant. However, for the reasons stated herein it must be concluded that the site requested, by the Applicant for his intended use, is not adequate for such use and should not be licensed for that purpose."
* * * * * *
The order of the agency is as follows:
* * * * * *
"FINDINGS OF FACT: The site of the proposed take off and landing area desired by the applicant to be licensed is adequate for the issuance of a limited license for use by Henry C. Ruzakowski only when limited to his personally-owned Republic Sea Bee type aircraft. The applicant in hearing on 30 September, 1975, accepted the limitation to his own personal aircraft and personal pilotage.
"CONCLUSIONS: The water concerned is in the public domain and should be available to the public for reasonable use. It is concluded that reasonable use includes a landing area for Henry C. Ruzakowski's personally owned Republic Sea Bee aircraft.
"It is ordered that the recommended order as herein modified, the exceptions to the recommended order, the evidence and the transcript of the proceedings be made a part of this order and that a limited seaplane base site approval for the area known as Venetian Shores Seaplane Base should be and is granted."
It will be immediately noticed that the agency violated the statute in that it did "reject or modify the findings of fact" without "stat[ing] with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law."
Further, our review of the record in the light of the briefs filed compels us to hold that there is competent, substantial evidence to support the finding of the examiner and that he did proceed carefully in a strongly-contested matter to conduct a fair hearing in full compliance with the requirements of law.
We believe the entire tenor of the provisions of the Administrative Procedure Act having to do with the functions of a Hearing Examiner leads to the inescapable conclusion that the action of the agency, after a full hearing, is in the nature of a procedural review. Extensive provisions are made for remand or correction where the hearing is not complete or in accordance with the rules of due process, but there is no provision which suggests that the agency should make a new judgment upon the evidence. This relationship between agency and examiner is not new to the law. The rule long applied in chancery matters is that where a master is appointed to take the evidence and report the same, together with his findings of fact and conclusions of law, his findings should be approved by the chancellor unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence. Frank v. Frank, Fla. 1954, 75 So.2d 282. We do not think that the Administrative Procedure Act can be read to grant to the head of an agency greater powers over an examiner's findings than those of a trial judge over the findings of a master in chancery.
Accordingly, the writ is granted and the order appealed is quashed.
It is so ordered.