HOBSON, Judge.
Petitioner, Tampa Wholesale Liquors, Inc., seeks review of a final order of the Division of Alcoholic Beverages and Tobacco which held that Tampa Wholesale was guilty of violations of Sections 561.14 and 562.23, Florida Statutes. In so holding, the agency director rejected the hearing officer’s findings of fact and conclusions of law as well as his recommendation that no action be taken against Tampa Wholesale. Tampa Wholesale argues that the agency may reject the hearing officer’s recommended order only in limited circumstances as set out in Section 120.57(l)(b)(9), Florida Statutes, which provides:
“The agency may adopt the recommended order as the agency’s final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record.” (emphasis added)
Appellant’s argument is correct and, pursuant to Section 120.68, Florida Statutes (1978), we must set aside the agency action in this case.
The record on appeal reveals the following facts: The Division of Alcoholic Beverages and Tobacco issued a notice to show cause why Tampa Wholesale’s license *1196 should not have a civil penalty assessed against it or be suspended or revoked. The notice alleged that Tampa Wholesale, its agent, servant or employee, sold or allowed to be sold, sacramental wines to one other than a licensee. The notice further charged that Tampa Wholesale conspired with Mullen Religious Supplies to sell alcoholic beverages to Mullen for purpose of resale without Mullen having obtained a license.
After a complete hearing, the hearing officer issued his recommended order absolving Tampa Wholesale from any wrongdoing and specifically finding that no sale of alcoholic beverages took place between Tampa Wholesale and Mullen. The hearing officer further recommended that no action be taken against Tampa Wholesale.
HEARING OFFICER’S FINDINGS OF FACT
Tampa Wholesale is the holder of a distributor’s license to distribute alcoholic beverages. Prior to March 24, 1976, and under the authority of that license, Tampa Wholesale engaged in a series of business transactions whereby sacramental wines were ultimately sold to various authorized religious consumers in Tampa Wholesale’s marketing area. Mullen Religious Supplies acted as agent on behalf of Tampa Wholesale. Mullen and Tampa Wholesale used the following procedures to consummate the transactions: Mullen would take orders from customers for sacramental wines and would assist the customer in filling out its permit application forms. That form would be sent to the Department of Alcoholic Beverages and Tobacco and an order form would be sent to Tampa Wholesale. At this point Mullen’s involvement terminated, except to receive its commission from Tampa Wholesale at a later date. Tampa Wholesale bought and stored the wine. On receipt of the order, it shipped the wine directly to the consumer, along with the bill. The consumer paid Tampa Wholesale and Tampa Wholesale then paid Mullen its commission. This procedure did not differ from that employed by Tampa Wholesale with its individual wine salesmen, except for the fact that no Social Security was withheld from the corporate representative. The recommended order stated:
“There is a complete absence of evidence to establish that Mullens paid, or promised to pay, Tampa Wholesale any money or that any such obligation ever arose. There is no evidence to establish that title to any wine ever transferred from Tampa Wholesale to Mullens.”
HEARING OFFICER’S CONCLUSIONS OF LAW
The Florida Uniform Commercial Code definition of “sale” is dispositive of the proceedings. Section 672.2-106, Florida Statutes, defines “sale” as the “passing of title from the seller to the buyer for a price.” Title to the sacramental wines did not pass from Tampa Wholesale to Mullen, but rather directly to the consumer. Further, there was no “price” as between Tampa Wholesale and Mullen. The “price” was paid directly to Tampa Wholesale from the consumer and Mullen received only a commission. Thus, there was no “sale” between Tampa Wholesale and Mullen.
AGENCY DIRECTOR’S FINDINGS OF FACT
The hearing officer disregarded a substantial portion of the testimony in evidence which attested to the marketing participation by Mullen Religious Supplies in greater depth than would a mere “sales agent.” The pricing of the sacramental wines showed that Mullen’s selling price was quoted at a significantly higher rate than the on-shelf cost to Tampa Wholesale. Mullen participated directly with Tampa Wholesale and the wineries in determining the prices of the wines sold; these negotiations were not within the province of a liquor salesman.
The director’s findings of fact further stated that Mullen was solely responsible for determining the nature of advertisements for wines sold and was a party to the determination of which wine would be bought by Tampa Wholesale. On at least one occasion wine ordered by Tampa *1197 Wholesale was shipped to Tampa Wholesale with the cost of freight partially paid by Mullen. On another occasion Mullen distributed its price list to customers on which the legend “Distributed by Mullen Religious Supplies” appears and the envelope provided for orders carries the address of Mullen Religious Supplies. In 1964, the mailing list furnished by Mullen to prospective customers made no reference to Tampa Wholesale but referred only to Mullen Religious Supplies and carried the legend “Available for immediate shipment from our bonded warehouse in Tampa, Florida.”
A memo from the file of Mullen Religious Supplies written by its president stated:
“(a) We have no license — use Tampa Wholesale Liquors.
(b) We get a break on freight because we ride along on Tampa Wholesale Liquors commercial wine order for Christian Brothers.
(c) The complete annual requirements of State of Florida for sacramental wine is less than 1600 to 2000 cases per year — not sufficient to warrant buying an expensive wine or liquor license.”
An official from Tampa Wholesale testified that Mullen was treated differently from other wine salesmen, in that Tampa Wholesale deducted no Social Security or taxes from its commissions. No other salesmen furnished their own advertisement or paid freight charges.
AGENCY DIRECTOR’S CONCLUSIONS OF LAW
The term “sale” is defined pursuant to Section 561.01(9), Florida Statutes, as any transfer of alcoholic beverage for a consideration. A transfer took place between Tampa Wholesale and Mullen even though Mullen was not in actual physical possession of the wines. Mullen exercised constructive possession in that it advertised, sought and received orders from customers, participated in the setting of prices and determination of its profits, and actively participated in deciding when and what wines would be secured by Tampa Wholesale. The clear intent of the parties was a sale from Tampa Wholesale to Mullen even though the sale was characterized as a commission.
The director ordered a civil penalty of $500 assessed against Tampa Wholesale.
DISCUSSION
In Venetian Shores Home and Prop. Own. v. Ruzakawski, 336 So.2d 399, 401 (Fla. 3d DCA 1976), the court stated:
“. . . [T]he action of the agency, after a full hearing, is in the nature of a procedural review . . . but there is no provision which suggests that the agency should make a new judgment upon the evidence. . . . We do not think that the Administrative Procedure Act can be read to grant to the head of an agency greater powers over an examiner’s findings than those of a trial judge over the findings of a master in chancery.”
Once again this court is faced with a situation in which one set of facts produces contradictory conclusions from the hearing officer and director of an agency. We are not permitted to retry the case at the appellate level nor can we substitute our evaluation of the weight of the evidence as it affects the ultimate outcome. The function of the appellate court in cases of this nature is to consider the entire record which, pursuant to Section 120.68(5)(a), includes the hearing officer’s findings. The standard of review is set out in McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977):
“In determining whether substantial evidence supports the agency’s substituted findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer’s contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof
******
“At the other end of the scale, where the ultimate facts are increasingly mat *1198 ters of opinions and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer’s findings in determining the sub-stantiality of evidence supporting the agency’s substituted findings.”
It is apparent that the director of the agency in the case at bar reviewed the evidence presented at the initial hearing and simply placed greater weight and credibility on certain portions than did the hearing officer. This procedure amounted to retrying the case at the agency level.[1]
As stated before, we will not reevaluate the evidence and substitute our own findings of fact and conclusions of law. In this case the findings of the hearing officer were supported by competent, substantial evidence and it was not within the province of the agency director to reject those findings under the circumstances. We therefore grant the petition for review, quash the final order and remand this case to the Division of Alcoholic Beverages and Tobacco for entry of an order consistent with the hearing officer’s findings of fact.
GRIMES, C. J., and OTT, J., concur.

. See Koltay v. Division of General Regulation, Department of Business Regulation, 374 So.2d 1386 (Fla. 2d DCA 1979).