401 So.2d 817 (1981)
LORD CHUMLEY'S OF STUART, INC., Lord Chumley's of Jupiter, Inc., Flame Meats, Inc., and Flame of North Palm Beach, Inc., Appellants,
v.
DEPARTMENT OF REVENUE, State of Florida, Appellee.
No. 79-640.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
Linda F. Albritton of Haines & Rossow, North Palm Beach, for appellants.
Jim Smith, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, for appellee.
DOWNEY, Judge.
Appellants seek review of a final agency action in the form of approval by the Cabinet, sitting as the Department of Revenue, of a Recommended Order of the Department of Revenue. The Recommended Order in question approved in part and rejected in part the findings and recommendations of a Hearing Examiner.
The administrative proceeding giving rise to the final agency action in question was commenced when appellants filed a petition for administrative hearing to determine the validity of assessments made by the appellee against appellants for sales taxes, penalties, and interest in the total amount of $31,666.31. The primary issue between the parties is whether appellants were in the business of renting or leasing real property within the meaning of Section 212.031, Florida Statutes (1977), so as to require that a four percent sales tax be paid on all rentals accruing under said arrangement.
The evidence adduced by the appellants or stipulated to by the parties indicates that *818 Peter G. Makris purchased four parcels of real property. Subsequent to the purchase of said properties Makris formed the four appellant corporations for the purpose of operating three separate restaurants, and a meat market and liquor store on the respective parcels of property. The title to three of the parcels of property was placed in the name of Peter G. Makris, as trustee, while the fourth was taken in the name of Makris and wife. Each of the appellants operated one of the aforementioned businesses on one of said parcels. During the audit period involved herein each of the corporations made the mortgage, real estate tax, and insurance payments due on the parcel of property on which its business was operated. Makris made no payments on said properties during said period. Although each corporation had exclusive possession of one of said parcels, there were no written or oral leases between the corporations and Makris, nor were any payments made by the corporations to Makris as rent, or otherwise.
At the hearing before the Examiner Makris testified that he was in the restaurant business and not the business of renting property to others; that title to the properties was held by him as trustee and by him and his wife for the corporations; that no payments had ever been made to him by way of rent, or otherwise; that the corporations took depreciation on the properties for Federal Income Tax purposes. Makris also testified that when he bought the properties the corporations had not yet been formed. After the tax assessment Makris conveyed the properties to the respective corporations by quit claim deeds subject to the mortgage encumbering each parcel without payment of any consideration to him or his wife.
Based upon the foregoing, the Examiner found that Makris purchased the properties for the sole purpose of operating the businesses in question and that he held title for the corporations; he did not enjoy any of the benefits of ownership. No rent was paid to Makris. The corporations occupied and controlled the properties and paid all of the expenses of carrying the properties. Subsequent to the audits Makris conveyed the properties to the corporations without consideration. Therefore, the Examiner considered that Makris was not engaged in the business of renting the properties and that the payments made by the corporations for mortgage installments, taxes, insurance, etc., were not rent payments.
Appellee filed exceptions to portions of the Examiner's Recommended Order, the basis of said exceptions being that 1) many of the findings of fact are not supported by substantial competent evidence, or 2) the Examiner's conclusions of law were erroneous. Appellee contended, for example, that Makris's motives and intention in purchasing the property were immaterial. Furthermore, appellee says that Makris did benefit from the monies paid by the corporations for mortgage payments, taxes and insurance and thus those payments constituted rent for the corporate use of the property.
However, we are persuaded that the Hearing Examiner's findings and conclusions do have adequate support in the record and should not have been overturned by the Governor and Cabinet acting as head of the Department of Revenue.
The issue tried by the Hearing Examiner was whether Makris was engaged in the business of renting, leasing or letting of real property to the four corporations, and whether the mortgage payments, property taxes and insurance payments paid by the corporations constituted rent payments.
Section 212.031, Florida Statutes (1977), provides, in pertinent part:
(1)(a) It is declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of renting, leasing, or letting any real property... .
* * * * * *
(c) For the exercise of such privilege a tax is levied in the amount equal to 4 percent of and on the total rent charged for such real property by the person charging or collecting the rental.

*819 (d) Where the rental of any such real property is paid by way of property, goods, wares, merchandise, services or other things of value, the tax shall be at the rate of 4 percent of the value of the property, services, or other things of value.
In order to determine what is meant by a person engaging in business we look to the definition of said term in Section 212.02(9), Florida Statutes (1977):
"Business" means any activity engaged in by any person, or caused to be engaged in by him, with the object of private or public gain, benefit, or advantage either direct or indirect... .
In our judgment the totality of the record before the Hearing Examiner justified his findings of fact, as well as his conclusions of law. The purpose of Section 212.031 is to levy a tax upon the privilege of engaging in the business of renting real property. The finding that Makris was not engaged in such a business is borne out by the record and thus under Section 120.57(1)(b)9, the Cabinet, sitting as the Department of Revenue, abused its function because the Hearing Examiner's findings and conclusions were not clearly erroneous. Inter. Minerals & Chem. Corp. v. Mayo, 336 So.2d 548 (Fla. 1976); Venetian Shores Home & Prop. Own. v. Ruzakawski, 336 So.2d 399 (Fla. 3d DCA 1976).
Accordingly, the order appealed from is reversed and this cause is remanded to the Agency with directions to reinstate and approve the Recommended Order of the Hearing Examiner.
REVERSED AND REMANDED with directions.
LETTS, C.J., and HURLEY, J., concur.