423 So.2d 624 (1982)
Bruce ALLES, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, CONSTRUCTION INDUSTRY LICENSING BOARD, Appellee.
No. 82-332.
District Court of Appeal of Florida, Fifth District.
December 22, 1982.
*625 Joe Teague Caruso of Wolfe, Kirschenbaum, Caruso, Mosley & Kabboord, P.A., Cocoa Beach, for appellant.
Michael E. Egan of Roberts, Egan & Routa, P.A., Tallahassee, for appellee.
COWART, Judge.
This case involves the question as to what extent an administrative agency is bound by the findings of fact and conclusions of law of an administrative hearing officer.
Univel, Inc., was general contractor for the erection of the Harbor Cay Condominium in Cocoa Beach, Florida, which structure totally collapsed during construction with great loss of life. Appellant, Bruce Alles, was the "qualifying agent" for Univel at the time of the collapse. However, Univel had an arrangement with Dynamic Construction Co. as to the Harbor Cay project, and, instead of having Alles supervise that project, the designated agent of Dynamic Construction, Lawrence M. Stoner, obtained the building permit and was the actual supervising authority of the construction on that project.
After the tragic collapse, appellee, the Construction Industry Licensing Board (Board) of the Department of Professional Regulation (Department), filed an administrative complaint against Alles, seeking to revoke or suspend his contractor's license or to take other administrative action. The issue was framed by the Board's contention that Alles, as Univel's qualifying agent, had statutory duties to affix his license number to the bids and contracts for the Harbor Cay project and to supervise and be professionally responsible for construction of that project. The facts were undisputed that Alles had failed to do those things. On the other hand, Alles pleaded that "he had no involvement at any time with any phase of the Harbor Cay project" and contended that Stoner was the "de facto" qualifying agent for Univel, although Stoner was not registered with the appellee Department as a qualifying agent for Univel. The hearing examiner found the facts as stated because they were not in dispute, but as a conclusion of law the hearing examiner found that although the statute did place a duty on the qualifying agent to affix his license number on all bids and contracts of his company, the statute placed no affirmative duty on a qualifying agent to supervise his company's projects. The appellee Board, reviewing the hearing officer's order, approved and adopted his findings of fact but rejected his conclusion that the statute places no duty on a qualifying agent to supervise his corporate principal's construction projects. Alles appeals that action.
Section 120.57(1)(b)9, Florida Statutes (1979), provides:
The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation *626 of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
It is clear from this that the hearing officer's findings of fact may not be overturned by the Board unless the findings of fact are not supported by competent, substantial evidence. Moore v. Florida Construction Industry Licensing Board, 356 So.2d 19 (Fla. 4th DCA 1978); Harvey v. Nuzum, 345 So.2d 1106 (Fla. 1st DCA 1977); Campbell v. State, Department of Transportation, 326 So.2d 66 (Fla. 4th DCA 1976). Appellant argues, however, that conclusions of law likewise cannot be overturned by the Board without a specific finding that those conclusions are either not supported by substantial competent evidence or were arrived at in a proceeding which departed from the essential requirements of law, citing Feldman v. Department of Transportation, 389 So.2d 692 (Fla. 4th DCA 1980), Tampa Wholesale Liquors, Inc. v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation, 376 So.2d 1195 (Fla. 2d DCA 1979), Lord Chumley's of Stuart, Inc. v. Department of Revenue, 401 So.2d 817 (Fla. 4th DCA 1981), Borovina v. Florida Construction Industry Licensing Board, 369 So.2d 1038 (Fla. 4th DCA 1979), and Venetian Shores Home and Property Owners v. Ruzakawski, 336 So.2d 399 (Fla. 3d DCA 1976).
We reject all contrary dictum in the cases cited by appellant and hold that the statute makes a clear distinction between findings of fact and conclusions of law; the Board may not reverse findings of fact where they are supported by competent substantial evidence, but the Board may reject conclusions of law without limitation. An examination of the statutory scheme providing for qualifying agents shows that it was the legislative intent that such agents have the authority to, and do, supervise the project entered into under their name and by use of their contractor's license. Section 489.113, Fla. Stat. (1979), prohibits any person from acting as a contractor without being licensed by the Board. Section 489.105 defines "contractor" as "the person who is qualified for and responsible for the entire project contracted for." The only way a company may be a contractor is by obtaining an individual licensed as a contractor as its "qualifying agent." § 489.119, Fla. Stat. (1981). In such event, the license for the corporation is issued in the name of the qualifying agent, as contractor, with a notation that it is for the benefit of the company, in order that the company may perform as a contractor. § 489.119(4), Fla. Stat. (1979). Subsection (2) of section 489.119 indicates that the application for a contractor to become a qualifying agent of a company must show "that the qualifying agent is legally qualified to act for the business organization in all matters connected with its contracting business and that he has authority to supervise construction undertaken by such business organization."
The obvious purpose of these statutes allowing a company to act as a contractor through a licensed contractor is to insure that projects undertaken by a company are to be supervised by one certified and licensed by the board. To allow a contractor to be the "qualifying agent" for a company without placing any requirement on the contractor to exercise any supervision over the company's work done under his license would permit a contractor to loan or rent his license to the company. This would completely circumvent the legislative intent that an individual, certified as competent, be professionally responsible for supervising construction work on jobs requiring a licensed contractor. Thus, the Board was correct in determining that appellant had a statutorily imposed professional duty, as sole qualifying agent of record of Univel, to supervise all of Univel's projects.
*627 Appellant's argument that the existence of "non-record de facto qualifying agents," such as Stoner, reduces his duty would also permit circumvention of this result. The purpose of the act is to prevent the risk to the public from allowing "incompetent or dishonest contractors to provide unsafe, unstable, or short-lived products or services." § 489.101, Fla. Stat. (1979). Just as a designated agent may not lend his name to a company in order that the company may act as a contractor and then avoid his responsibility by stating that he had nothing to do with the project, neither may he or the company be permitted to relieve the designated agent of his responsibility by attempting to transfer it to one or more unnamed individuals who are not registered with the Board as qualifying agents of that company.
The appellee Board did not err in disagreeing with the hearing officer's conclusions of law and did not err in making its own conclusions of law and, therefore, the appealed order is
AFFIRMED.
ORFINGER, C.J., and DAUKSCH, J., concur.