444 So.2d 997 (1983)
Bill H. HUNT, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, CONSTRUCTION INDUSTRY LICENSING BOARD, Appellees.
Herbert S. McNAIRY, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, CONSTRUCTION INDUSTRY LICENSING BOARD, Appellees.
Nos. AR-473, AR-474.
District Court of Appeal of Florida, First District.
December 30, 1983.
Rehearing Denied February 24, 1984.
*998 J. Michael Huey and Lawrence W. Smith, Tallahassee, for appellants.
Charles F. Tunnicliff and Stephanie A. Daniel, Dept. of Professional Regulation, Tallahassee, for appellees.
PEARSON, TILLMAN, Retired, Associate Judge.
These appeals were argued separately in this Court but they arise out of the same record and the separate final orders were based upon the same hearing and recommended order. In order to save unnecessary repetition they are dealt with here separately but in one opinion.

THE APPEAL OF BILL H. HUNT
Bill H. Hunt was a licensed general contractor. His license was revoked by the Construction Industry Licensing Board of the Department of Professional Regulation. This appeal is from that order.
The complaint arose out of the following circumstances. Hunt was one of several "qualifiers," i.e., one holding a general construction license who because of his participation in the business enables a corporation to act as a general contractor, § 468.107(2), Florida Statutes (Supp. 1978), working for Hunt Brothers Construction, Inc. George Hunt Inc., the parent corporation of Hunt Brothers, entered into a contract with Don Olson Firestone, Inc., for the construction of a warehouse building in Clearwater, Florida. Hunt, acting for the corporate contractor, applied for and received from the Pinellas County Building Department a building permit for construction on the warehouse. The permit was signed by Hunt.
The work on the warehouse progressed until a subcontractor was applying a gypsum deck on the top of the roofing structure on the north end of the building. The structure on that end collapsed, killing one workman and injuring several others. Inspection of the scene following the collapse and subsequent investigation revealed numerous deviations from the plans and specifications. There were no plans or shop drawings maintained at the job site. Further, there was a conspicious lack of supervision of the construction of the warehouse by any qualifying general contractor.
The Hearing Officer concluded that Bill Hunt, together with Herbert McNairy, who was another "qualifier" for Hunt Brothers, were responsible for the project. The Hearing Officer recommended that their licenses as general contractors be revoked because of their willful or deliberate disregard and violation of local building codes. § 468.112(2)(a), Florida Statutes (Supp. 1978). The Licensing Board adopted this finding and recommendation and in addition sustained an exception to the Hearing Officer's conclusion of law that a contractor qualifying a corporation is not responsible for the supervision of construction undertaken by the corporation. The Board found that Hunt was responsible for the supervision of the construction. The final order revoked appellant Hunt's license as a general contractor for having (1) violated § 468.112(2)(a), Florida Statutes (Supp. 1978), by willfully and deliberately disregarding and violating the local building code; and (2) violated § 468.112(2)(g), Florida Statutes (Supp. 1978), by failing to supervise construction.
The first point presented upon this appeal urges that Hunt may not be disciplined because he was only one of several qualifiers for the corporation. While the Board did hold that all the qualifiers of a corporation could be held for violations of a building permit and applicable state statutes, that holding is not determinative on *999 this appeal. The pertinent question is whether Hunt's involvement in this construction process was such as to raise a duty to supervise construction and not to willfully or deliberately disregard and violate local building codes. We hold that Hunt's involvement was direct and intimate because it was upon his certification that the permit was issued and the plans approved. At the bottom of the permit application and directly above Hunt's signature thereon it states:
I certify, together with plans and specifications, this application shows a true representation of construction to be accomplished under this permit. It is understood that any deviations from the original documents will render this permit issued under this application null and void, unless approved by the Building Director ... I agree to conform to all Building Department Regulations and Pinellas County Ordinances regulating Building and Zoning ordinances.
Hunt later signed a supplemental permit application for the same construction.
Alles v. Department of Professional Regulation, 423 So.2d 624 (Fla. 5th DCA 1982), is governing on this appeal. In that case Alles was the sole qualifying contractor for his company. His defense to the complaint to revoke his license was that he had no involvement with the project. The Court reasoned:
The obvious purpose of these statutes allowing a company to act as a contractor through a licensed contractor is to insure that projects undertaken by a company are to be supervised by one certified and licensed by the board. To allow a contractor to be the "qualifying agent" for a company without placing any requirement on the contractor to exercise any supervision over the company's work done under his license would permit a contractor to loan or rent his license to the company. This would completely circumvent the legislative intent that an individual, certified as competent, be professionally responsible for supervising construction work on jobs requiring a licensed contractor. Thus, the Board was correct in determining that appellant had a statutorily imposed professional duty, as the sole qualifying agent of record of (the contractor company), to supervise all of (its) projects. [423 So.2d at 626.]
Appellant here points out that Alles was the sole qualifying agent for his company while Hunt was one of several qualifying agents, any of whom could have been assigned to supervisory duties. This argument is ineffective in view of the undisputed fact that there was no qualified contractor who was assigned to supervise or did in fact supervise the construction. As held in Alles a designated agent may not avoid responsibility by stating that he had nothing to do with the project. We conclude that the qualified contractor who procures a building permit has associated himself with the project and that he may not relieve himself of responsibility by saying that he was one of several qualifying agents who could have supervised the construction. See also Stoner v. Department of Professional Regulation, 429 So.2d 27 (Fla. 5th DCA 1983). We therefore hold that the final order correctly held appellant Hunt was responsible for the failure to supervise the construction and the deliberate violation of the applicable building code.
Appellant Hunt's second and third points argue an absence of substantial and competent evidence to support the findings of fact made by the hearing officer and adopted by the Board regarding his alleged violations of the local building codes. We have examined the record in the light of these contentions and hold that they do not present error.
Therefore the appealed order is affirmed.

THE APPEAL OF HERBERT S. McNAIRY
Herbert S. McNairy was a licensed general contractor. His license was revoked by the Construction Industry Licensing Board of the Department of Professional *1000 Regulation. This appeal is from that order.
McNairy was one of several qualifiers working for Hunt Brothers Construction, Inc. His connection with the Don Olson Firestone construction was that he was the contact person for the corporation for this construction project. He employed the architect for the warehouse and discussed with the architect the planning requirements of the structure. McNairy also told the architect what the owner wished to have in the structure and what function the building would have. In addition, he informed the architect that it was not necessary for the architect to prepare plans for the truss system on the project. [It was the truss system in which there were substantial departures from the building codes.] Finally McNairy contacted the architect about the collapse of the structure, and when the architect inspected the project site after the collapse it was McNairy who told the architect what had happened. The hearing officer found that McNairy's involvement with the construction was such as to make him a responsible agent for the project.
The points presented upon this appeal are virtually identical to those presented upon the appeal previously discussed. We hold upon the authority and for the reasons set out in the prior appeal that error has not been demonstrated.
Therefore the appealed order is affirmed.

CONCLUDING STATEMENT
It should be noted that we have not decided whether the Board was correct in finding that as a matter of law all qualifiers of a corporation are responsible under the terms of § 489.119(2), Florida Statutes (1981) [formerly § 468.107(2), Florida Statutes (Supp. 1978)] for the supervision of construction undertaken by the corporation. We have found it unnecessary to decide this question because in the case of each appellant we have found that the appellant's involvement with the project was so substantial as to require a holding that he was a responsible licensed contractor on the job.
AFFIRMED.
ERVIN, C.J., and JOANOS, J., concur.