475 So.2d 720 (1985)
Robert L. GATWOOD, Appellant,
v.
Paul McGEE and Linda McGee, Appellees.
Case No. BD-307.
District Court of Appeal of Florida, First District.
September 10, 1985.
*721 William L. Lee of Shell, Fleming, Davis & Menge, Pensacola, for appellant.
James W. Middleton, Destin, for appellees.
NIMMONS, Judge.
Robert L. Gatwood appeals from a final judgment awarding damages in favor of the appellees/homeowners against Gatwood by reason of certain deficiencies in the construction of a home which was ultimately purchased by the appellees. We affirm.
Gatwood, a building contractor, was the president and sole stockholder of a home construction business known as Gatwood Enterprises, Inc. Gatwood Enterprises entered into an agreement with a builder named Glynquest whereby Glynquest was employed to manage and supervise the company's home building operation pursuant to which agreement Glynquest supervised the construction of a number of homes for Gatwood Enterprises. Gatwood himself, although involved in various aspects of the company's operations, had nothing to do with the actual construction or supervision of construction of the homes.
With respect to the subject home, Gatwood applied for a building permit to construct the home on a lot owned by Gatwood Enterprises. When the home was in the latter stages of completion in 1979, Glynquest departed. At the time of his departure, there were five or six other homes in various stages of completion. Due to financial difficulties, Gatwood Enterprises conveyed title to the subject home to Buster *722 Reece. Reece and Gatwood were coowners of another business, B&B Custom Builders, Inc. Reece completed the home with B&B Funds and sold it in October 1979 to appellees, Paul and Linda McGee. Within two months, the McGees became aware of structural problems with the home. It was subsequently determined that the home had been constructed on a bed of muck ten to twelve feet deep which had been covered with a layer of fill sand. The unstable ground was causing substantial problems to the southwest corner of the home.
The McGees filed suit in August 1980 against Gatwood (individually), Gatwood Enterprises, Inc. (a dissolved corporation  dissolved in June 1980), B&B Custom Builders, Inc. and Buster Reece, alleging negligence in the construction of the home. After a nonjury trial, the court entered judgment for damages against Gatwood Enterprises, Inc. and Gatwood, individually, in the sum of $11,500.00. The court, however, entered judgment in favor of defendants B&B Builders, Inc. and Buster Reece. Only Gatwood, individually, has appealed the judgment. No question has been raised regarding the propriety of the judgment against Gatwood Enterprises, Inc.
We would first note that there was competent substantial evidence that Glynquest knew or should have known that a portion of the subject home was being built over muck such that the building structure would likely sustain damage. Indeed, no contention is made that Glynquest was not negligent. Gatwood's principal argument is that it was error for the trial court to hold him individually liable, that any liability must be as to Glynquest or Gatwood Enterprises, Inc. He says it would be untenable "to hold the sole stockholder and qualifier of a contracting corporation liable for failure to supervise on one of the corporation's projects.[1]
Gatwood contends that a cause of action in negligence would not lie against him individually because there was no duty on his part to supervise construction. We disagree. Under Part I, Chapter 489, Florida Statutes (1979), the licensing and regulatory provisions governing construction contracting, the only way a company may be a contractor[2] is by obtaining an individual licensed as a contractor as its qualifying agent.[3] Section 489.119, Florida Statutes (1979). Under Section 489.119, the applicant proposing to engage in contracting as a corporation or other business entity must apply through a qualifying agent. The application, among other things, must show that the qualifying agent is legally qualified to act for the business organization and that he has the authority to supervise construction undertaken by such organization. There is no dispute that Robert Gatwood was the certified qualifying agent for Gatwood Enterprises. It is also undisputed that Gatwood, as qualifying agent for his company, applied for and received the building permit to construct the subject home.
Gatwood says that he satisfied his statutorily-imposed duty as qualifying agent to supervise construction by hiring an apparently *723 competent person to supervise the construction although such person was admittedly not certified under Chapter 489 as a qualifying agent for the company. In deed, Gatwood makes much of the fact that he (Gatwood) never undertook to supervise construction and virtually never even visited the job site.
The statutory scheme provided for in Chapter 489 does not lend itself to such a narrow interpretation of Gatwood's duty of supervision as qualifying agent. In Alles v. Department of Professional Regulation, Construction Industry Licensing Board, 423 So.2d 624 (Fla. 5th DCA 1982), the Fifth District observed that it was the legislative intent that qualifying agents have the professional duty to supervise the construction projects entered into under their names. The Court went on to say:
The obvious purpose of these statutes allowing a company to act as a contractor through a licensed contractor is to insure that projects undertaken by a company are to be supervised by one certified and licensed by the board. To allow a contractor to be the "qualifying agent" for a company without placing any requirement on the contractor to exercise any supervision over the company's work done under his license would permit a contractor to loan or rent his license to the company. This would completely circumvent the legislative intent that an individual, certified as competent, be professionally responsible for supervising construction work on jobs requiring a licensed contractor.
Id. at 626. This court embraced the Alles decision in Hunt v. Department of Professional Regulation, Construction Industry Licensing Board, 444 So.2d 997 (Fla. 1st DCA 1984).
"As held in Alles a designated agent may not avoid responsibility by stating that he had nothing to do with the project. We conclude that the qualified contractor who procures a building permit has associated himself with the project and that he may not relieve himself of responsibility by saying that he was one of several qualifying agents who could have supervised the construction."
Id. at 999.
We hold that the negligent performance of the qualifying agent's statutorily-imposed duty of supervision may support a cause of action for damages sustained by subsequent purchasers, such as the appellees, as a result of latent construction defects. We further hold that the qualifying agent's duty of supervision is nondelegable in the sense that such agent will not be allowed to evade responsibility for negligent supervision by relying upon one who, even though apparently a competent builder, has not been certified as a qualifying agent for the company pursuant to Chapter 489. That is to say, the qualifying agent will still be responsible for the negligence of his surrogate regardless of the care which may have been exercised in selecting the latter and regardless of whether the latter is an independent contractor or employee of the qualifying agent's firm. See Mills v. Krauss, 114 So.2d 817 (Fla. 2nd DCA 1959); Bialcowicz v. Pan-American Condominium No. 3, Inc., 215 So.2d 767 (Fla. 3rd DCA 1968), cert. den. 222 So.2d 751 (Fla. 1969); 57 C.J.S. Master & Servant § 591; 38 Fla.Jur. 2nd Negligence § 11; 57 Am.Jur.2nd Negligence §§ 35, 50.
Lest there be any doubt, we would emphasize that the cause of action with which we are involved is based upon negligence, not implied warranty or contract. A qualifying agent is not an insurer against construction defects unless he is obligated therefor by contract or warranty. Moreover, under the rationale upon which we rely, the appellees/plaintiffs would not be entitled to recover simply by proving that Gatwood improperly delegated his responsibility of supervision. It must be shown that, by the qualifying agent's exercise of due care in carrying out his statutorily-imposed duty of construction supervision, the construction defects could reasonably have been avoided. As we previously mentioned, there was evidence presented supporting a finding that the exercise of *724 due care would have disclosed the conditions which resulted in the construction defects.
Also, we have considered and reject appellant's urgings that Chapter 489 is a regulatory apparatus and should not be construed in a manner such that the statutory duties imposed upon qualifying agents may be relied upon by those who seek to impose civil liability for damages by reason of the negligent breach of such duties.
Finally, we reject the notion advanced by the appellant that it is impossible for the company's qualifying agent to supervise all of the company's construction projects and that delegation of such supervision is a necessity. The simple answer to this is the construction firm's utilization of multiple qualifying agents where the firm's construction volume necessitates the same. It appears that such practice is not uncommon. See Hunt v. Department of Professional Regulation, Construction Industry Licensing Board, supra.
Affirmed.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] We note that the appellant, without specifically challenging the appellees' right of action on this ground, alludes in his brief disparagingly to appellees' status as "subsequent purchasers," Mr. Reece having been an intermediate purchaser of the property. Any such "privity" argument in this negligence action would be unavailing in view of previous decisions on the subject. See Simmons v. Owens, 363 So.2d 142 (Fla. 1st DCA 1978). (Complaint against building contractor by remote vendee for damages caused by latent defect as a result of contractor's negligence stated cause of action); Navajo Circle, Inc. v. Development Concepts, 373 So.2d 689 (Fla. 2nd DCA 1979); Parliament Towers Condominium v. Parliament House Realty, Inc., 377 So.2d 976 (Fla. 4th DCA 1980). For a contrary view, in some other jurisdictions, see Annot. Liability of Builder of Residence For Latent Defects Therein As Running To Subsequent Purchasers From Original Vendee, 10 ALR 4th 385; e.g. Redarowicz v. Ohlendorf, 92 Ill.2d 171, 65 Ill.Dec. 411, 441 N.E.2d 324 (1982).
[2] "Contractor" is defined by Section 489.105(3), Florida Statutes (1979).
[3] "Qualifying agent" is defined by Section 489.105(4), Florida Statutes (1979).