ON MOTION FOR REHEARING
PER CURIAM.
The trial court granted final judgment in favor of the appellees, Douglas Chamberlain and Amy Calfee Chamberlain, for breach of express and implied warranties by the appellants, Terry Montgomery and *235 Howard Montgomery, concerning construction of the Chamberlains’ home. In holding Howard Montgomery liable for implied warranty claims, the trial judge relied on Gatwood v. McGee, 475 So.2d 720 (Fla. 1st DCA 1985), notwithstanding the fact that Howard Montgomery was not in privity of contract with the Chamberlains since the construction contract was signed solely by his son, Terry Montgomery, as “Contractor.” Our decision in this case affirmed without opinion the trial court’s judgment. In a motion for rehearing, Howard Montgomery argues that this court overlooked controlling principles of law contained in Gatwood.
After reviewing the record, we found that the construction contract between Terry Montgomery and the Chamberlains provided that the “contractor” would furnish all necessary building permits and that construction would begin within five days after the permits were obtained. Although Terry Montgomery signed the construction contract as “Contractor,” he was not eligible to obtain the necessary permits since his license was inactive. The record also revealed that Howard Montgomery had an active contractor’s license and authorized his son to pull permits on his behalf. Thus, we concluded that Howard Montgomery was responsible, as a principal, over his son’s performance of the contract.
Although he may have possessed the requisite skill, knowledge, and experience to supervise, direct, manage, and control construction of the Chamberlains’ residence, we found no evidence in the record that Howard Montgomery was a “qualifying agent” in compliance with the registration requirements under chapter 489, Florida Statutes (1987). Therefore, while not agreeing with the trial judge’s extension of Gatwood, we did agree with the trial judge’s finding that Howard Montgomery was liable for the implied warranty claims based on principles of agency law.
It is well established that a principal who knowingly permits his agent to act in an unauthorized manner remains liable to third parties who believe in good faith that the principal consented to the agent’s acts. See Sugarland Real Estate, Inc. v. Beardsley, 502 So.2d 44 (Fla. 2d DCA 1987), citing Tampa Sand & Material Co. v. Davis, 125 So.2d 126 (Fla. 2d DCA 1960); Owen Indus., Inc. v. Taylor, 354 So.2d 1259 (Fla. 2d DCA 1978). There is no dispute that Howard Montgomery was not in privity of contract with the Chamberlains. We found no evidence in the record that he otherwise authorized his son to bind him to the terms of the Chamberlains’ contract. Nevertheless, Howard Montgomery allowed his son to act as if he were his agent when he permitted his son to pull the permits necessary to construct the Chamberlains’ home. Thus, Howard Montgomery actually furnished the permits necessary to construct the home pursuant to the terms of the construction contract. His name, not Terry Montgomery’s, appeared in the public records of the City of Temple Terrace as the contractor for the project.
For these reasons, we think the Chamberlains were entitled to believe in good faith that Howard Montgomery, the licensed contractor who obtained the building permits, was responsible for the proper construction of their home.[1] Thus, under principles of agency law, Howard Montgomery was liable to the Chamberlains for the implied warranty claims based on the construction contract.
In affirming the final judgment, it was not necessary for this court to rule on whether the trial judge’s reasoning was correct since an appellate court must affirm a trial court’s decision if it is correct under any applicable theory of law. Swanson v. Gulf West Int’l Corp., 429 So.2d 817 (Fla. 2d DCA 1983).
Motion for rehearing denied.
SCHEB, A.C.J., and DANAHY and ALTENBERND, JJ., concur.

. We note that section 489.129(l)(f), Florida Statutes (1987), states that a license holder may be subject to disciplinary action by the Construction Industry Licensing Board for allowing an unlicensed person to use his or her license to obtain building permits.