566 So.2d 845 (1990)
Ronald Lester LAKE, Appellant,
v.
Stephen RAMSAY, a Florida Corporation, Etc., et al., Appellees.
No. 89-0398.
District Court of Appeal of Florida, Fourth District.
August 29, 1990.
*846 Victor Tobin of Simons, Simons & Tobin, Fort Lauderdale, for appellant.
Neil Rose and Henry T. Wihnyk of Conroy, Simberg & Lewis, P.A., Hollywood, for appellees.
DOWNEY, Judge.
Appellant, Ronald Lester Lake, sued Sergio Fernandez and others for damages sustained as a result of injuries he received due to the defendants' alleged negligence in the construction of the ceiling of the Watermark condominium garage, which collapsed on him while he was working on the premises. Fernandez moved for summary judgment on the ground that he was immune from suit under section 440.11, Florida Statutes (1987), as a coemployee at the time of the accident.
The record indicates that Lake was an employee of the builder, U.S. Lendlease, and his duties included maintenance and janitorial work. Fernandez was employed by U.S. Lendlease as a construction supervisor and also as the qualifying agent on this project. In the course of his duties Fernandez supervised the construction of the ceiling that collapsed and injured Lake.
Lake contends that the trial court erred in granting summary judgment based upon Fernandez's being a coemployee, and thus immune under the worker's compensation law, because the nature of Fernandez's work as a qualifying agent and supervisor of construction precluded his being Lake's coemployee. Furthermore, Lake contends that, even if they were coemployees, Fernandez was not immune from suit because the two of them were assigned primarily to unrelated work, albeit for the same employer.
The first point presented appears to be one of first impression in Florida. It involves the question of whether a person is entitled to immunity under the worker's compensation statute when that person is a qualifying agent and construction supervisor for the employer. The trial judge answered that question in the affirmative.
We commence by acknowledging that Lake and Fernandez were both employees working for the builder, U.S. Lendlease, on a condominium project known as The Watermark. Fernandez was qualified and certified pursuant to section 489.119, Florida Statutes (1981), as the qualifying *847 agent for U.S. Lendlease on this project. He is also described by the parties as a construction supervisor on the job  though this does appear, in some measure, to be a duplication of titles since a qualifying agent is charged by statute with supervision on the job. Gatwood v. McGee, 475 So.2d 720 (Fla. 1st DCA 1985); Hunt v. Dept. of Professional Regulation, Const. Industry Licensing Bd., 444 So.2d 997 (Fla. 1st DCA 1983); Alles v. Dept. of Professional Regulation, Const. Industry Licensing Bd., 423 So.2d 624 (Fla. 5th DCA 1982). Supervisory employees enjoy the immunity afforded their employer unless they engage in conduct that, by direct involvement on their part, constitutes an affirmative act of negligence going beyond the scope of the employer's nondelegable duty. Clark v. Better Const. Co., Inc., 420 So.2d 929 (Fla. 3d DCA 1982); Zurich Ins. Co. v. Scofi, 366 So.2d 1193 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla. 1979), superseded by statute/rule as stated in Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987). Thus, absent some allegation in the complaint that Fernandez, by direct involvement on his part, violated the above principle by exceeding the employer's nondelegable duty, he is covered by immunity for his activity as an employee supervising the construction.
The purpose of section 489.119 is set forth in Alles as follows:
The obvious purpose of these statutes allowing a company to act as a contractor through a licensed contractor is to insure that projects undertaken by a company are to be supervised by one certified and licensed by the board. To allow a contractor to be the "qualifying agent" for a company without placing any requirement on the contractor to exercise any supervision over the company's work done under his license would permit a contractor to loan or rent his license to the company. This would completely circumvent the legislative intent that an individual, certified as competent, be professionally responsible for supervising construction work on jobs requiring a licensed contractor. [Emphasis added.]
423 So.2d at 626. See also Gatwood v. McGee, 475 So.2d at 723. Thus, under the statute, a qualifying agent not only has a duty to his employer, but he has a further duty to the public as the legislative intent is to require a competent person, professionally responsible for supervising construction work on jobs requiring a licensed contractor. However, we find nothing in the statute that indicates that by being assigned by his employer to act as the qualifying agent on the job, Fernandez loses the protection of the worker's compensation statute. It seems to us, were that the case, it would be most difficult to get one to act as a qualifying agent. And, in any case where the contractor/qualifying agent was himself the employer furnishing worker's compensation insurance, the employer would lose the protection of the insurance coverage he himself provided. Furthermore, if the legislature had intended that a qualifying agent was not protected by the worker's compensation statute, we believe it would have said so. In Colberg v. Rellinger, 160 Ariz. 42, 770 P.2d 346 (App. 1988), the Supreme Court of Arizona rejected Colberg's claim against Rellinger, the qualifying party for the company, for failure to adequately supervise the work performed by his company. The basis for rejection was that the Arizona statute pertaining to the duties and obligations of a qualifying agent contained no language contemplating a private cause of action for an injured party against a qualifying agent. The court cited to various other statutes, such as the Arizona Consumer Fraud Act and the Fraudulent Advertising Practices Act, which were held not to provide a private cause of action for violation of said act because the legislature had not specifically provided therefor. Whereas, under the Arizona Insurance Code, a cause of action was available because the act did expressly provide therefor.
So, while the negligence of a qualifying agent may give rise to a cause of action in a third party (not an employee of the common employer) for negligence, it does not give an employee on the job a *848 cause of action where, as here, the qualifying agent is covered by the employer's worker's compensation insurance, absent any of the statutory exceptions. The sanctions available against the negligent qualifying agent where an employee is injured is revocation of the qualifying agent's license as held in Alles v. Department of Professional Regulation, Construction Industry Licensing Board, 423 So.2d 624 (Fla. 5th DCA 1982), and Hunt v. Department of Regulation, Construction Industry Licensing Board, 444 So.2d 997 (Fla. 1st DCA 1983). The only case in Florida that has recognized a cause of action against a qualifying agent for negligent supervision is Gatwood v. McGee, 475 So.2d 720 (Fla. 1st DCA 1985). However, that case involved third parties who purchased the property and suffered damage due to negligent supervision and did not reach the problem here, i.e., the right of an employee to recover against a coemployee and the relevance of worker's compensation immunity.
Accordingly, we hold that the mere fact that an employee is also the qualifying agent on a job does not destroy or eliminate his entitlement to immunity and the protection of his employer's worker's compensation insurance.
The second question presented is whether the trial court erred in holding that Fernandez and Lake were coemployees involved in "related work," which would make Fernandez immune from suit. The legislature did not define what is meant by "related work" within the private or public employment. True, there may be a vast difference between Fernandez's construction supervision work and Lake's maintenance work. Nevertheless, both types of work could be involved in the same construction job. Thus, it appears to be a question of fact not appropriate for summary judgment. Furthermore, we are unable to determine whether Lake was working on this job prior to completion of construction, which might affect the "related work" concept. For example, if the construction was completed before Lake became the maintenance man on the property, although any existing liability of the qualifying agent may remain, the interpretation of "related work" may exclude worker's compensation coverage.
Accordingly, we affirm the trial court's ruling that Fernandez is entitled to worker's compensation coverage if the parties were coemployees involved in related work. However, we reverse the summary judgment and remand the cause for further proceedings to determine the questions involved in the second point having to do with related work.
ANSTEAD and WALDEN, JJ., concur.