578 So.2d 396 (1991)
Arthur A. FINKLE, and Amelia Finkle, Appellants,
v.
Joseph MAYERCHAK, Appellee.
No. 90-1217.
District Court of Appeal of Florida, Third District.
April 16, 1991.
Rehearing Denied May 20, 1991.
*397 Shutts & Bowen and Barbara E. Vicevich, Miami, for appellants.
Sheldon M. Schapiro, Ft. Lauderdale, for appellee.
Before FERGUSON, LEVY and GODERICH, JJ.
PER CURIAM.
Arthur and Amelia Finkle appeal from an adverse summary judgment in this negligence action against MPF Enterprises (MPF), the builder of their single-family home, and its qualifying agent,[1] Joseph Mayerchak.[2] MPF is not a party to this appeal.
In early 1984, the Finkles met with the owner of MPF, Mark Firestone, to begin negotiations on a contract for the design and construction of their home. Firestone represented to the Finkles that he personally held a license as a general contractor in the state of Florida. He did not inform them that Mayerchak was the qualifying agent for MPF.
In August, 1987, the Finkles filed this action alleging that the house was not completed timely, economically, or free from defects. The Finkles claimed that Mayerchak was responsible for their damages because the building permit was issued to him and because he allowed an unlicensed person the use of his license. The trial court entered summary judgment in favor of Mayerchak on both the negligence and negligence per se claims. Mayerchak argued below, and now on appeal, that the Finkles failed to state a cause of action under either a statutory negligence or a common-law negligence theory.
We agree with the trial court that neither sections 489.119 nor 489.129, Florida Statutes (1989), regulatory and penal statutes, creates a private cause of action against Mayerchak as the individual qualifier for a corporation acting as a general contractor. In deciding whether a penal statute creates a private right of action, we look to legislative intent rather than the "class benefitted" factor. Fischer v. Metcalf, *398 543 So.2d 785 (Fla. 3d DCA 1989) (en banc). As in Fischer, there is no evidence here of a legislative intent to create a private remedy on behalf of individuals.
The claim against Mayerchak for common-law negligence, however, does state a cause of action. See Gatwood v. McGee, 475 So.2d 720 (Fla. 1st DCA 1985). On the facts presented, Mayerchak has not demonstrated conclusively the nonexistence of genuine issues of fact as would entitle him to a summary judgment. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977).
Reversed and remanded.
NOTES
[1] A "qualifying agent" is defined in sections 489.119(2) & (3), Florida Statutes (1989), as one who must individually hold a certification or registration as a general contractor in order for a corporation to obtain a license as a general contractor.
[2] In this case, Mayerchak applied for MPF to become a licensed general contractor. On the application form, Mayerchak stated that he was "... legally qualified to act for the business organization in all matters connected with its contracting business ..." In reality, however, Mayerchak was not on the payroll of MPF and he, admittedly, did not have any active participation in the control of MPF. The sole responsibility Mayerchak had in regards to the Finkles' house was that he obtained the building permit necessary to commence construction.