PER CURIAM.
Hallegere and Myetraie Murthy (owners) appeal from a final order dismissing their amended third-party complaint against Ni-ranjan Sinha (contractor). We affirm in part and reverse in part.
Contractor Sinha was the president, sole stockholder, and qualifying agent[1] of N. Sinha Corporation, a home construction business. The owners entered into a construction contract with the corporation for certain improvements to their home. In May 1991, the corporation filed a claim of lien against the owners’ home, claiming $28,010.57 remained unpaid on the contract. In June of that year, the owners filed a notice of contest of lien against the corporation. Thereafter, the corporation filed a complaint against the owners for breach of contract and to foreclose on its statutory mechanics’ lien. The owners then filed an amended third-party complaint against the contractor, individually, for breach of contract (count I), negligent performance of a contract (count II), breach of implied warranties (count III), discharge of a fraudulent lien (count IV), and violation of Florida’s minimum building codes (count V). The trial court granted the contractor’s motion to dismiss the amended third-party complaint, and the owners filed the instant appeal challenging the dismissal of counts II, IV, and V.
We agree with the owners that the amended third-party complaint, although inartfully drawn, stated a cause of action against the contractor, individually, for common-law negligence, and it was thus error for the trial court to dismiss count II of that complaint. Finkle v. Mayerchak, 578 So.2d 396 (Fla. 3d DCA1991). The contractor contends that count II must fail because the owners’ alleged damages amount to purely economic losses, citing AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla.1987) (there can be no independent tort flowing from a contractual breach without some conduct resulting in personal injury or property damage). Here, however, the owners alleged, “In November of 1991, Contractors prematurely cut the overhang all around the existing house and left it uncovered for several weeks with full knowledge of the fact that Owners were living at the property. Uncovered cut overhang caused flooding in the house repeatedly during the rain showers and resulted in considerable damage to the personal property of the Owners. Mrs. Murthy suffered personal injuries due to a collapsed ceiling.” Since the owners alleged both property damage and personal injury, the dismissal of count II must be reversed.
*309 However, this court has determined that neither sections 489.119 nor 489.129, the regulatory and penal statutes, respectively, of chapter 489 creates a private cause of action against qualifying agents individually, Finkle, 578 So.2d 396, and, therefore, the trial court’s dismissal of counts IY and V of the amended third-party complaint must be affirmed. The contractor cannot be held personally liable under the construction contract in this case because the contract is between the owners and the construction corporation.
We note the conflict of this decision and the Finkle decision with decisions from the first and fifth districts. Gatwood v. McGee, 475 So.2d 720 (Fla. 1st DCA1985); Hunt v. Department of Professional Regulation, Constr. Ind. Lic. Bd., 444 So.2d 997 (Fla. 1st DCA1983); Alies v. Department of Professional Regulation, Constr. Ind. Lic. Bd., 423 So.2d 624 (Fla. 5th DCA1982); see also Mitchell v. Edge, 598 So.2d 125 (Fla. 2d DCA1992) (Hall, J., concurring). Accordingly, we certify the following question to the Supreme Court of Florida:
Does chapter 489, Florida Statutes (1991), the licensing and regulatory chapter governing construction contracting, create a private cause of action against the individual qualifier for a corporation acting as a general contractor?
Affirmed in part; reversed in part.

. Pursuant to chapter 489, Florida Statutes (1991), which contains the licensing and regulatory provisions governing construction contracting, the only way a company may be a contractor, § 489.105(3), Fla.Stat. (1991), is by obtaining an individual licensed as a contractor as its qualifying agent, id. at § 489.105(4). Applicants who wish to engage in contracting as a corporation or other business entity must apply through a qualifying agent. Id. at § 489.119. The application, among other things, must show that the qualifying agent is legally qualified to act for the business and that he has authority to supervise construction undertaken by the business. Id.; see also Gatwood v. McGee, 475 So.2d 720, 722 (Fla. 1st DCA1985).