644 So.2d 983 (1994)
Hallegere (Hall) MURTHY, et ux., Petitioners,
v.
N. SINHA CORP., etc., et al., Respondents.
No. 81799.
Supreme Court of Florida.
September 8, 1994.
Rehearing Denied November 16, 1994.
*984 D.S. (DAR) Airan of Airan and Associates, P.A., Miami, for petitioners.
Adam Trop, North Miami Beach, for respondents.
McDONALD, Senior Justice.
We have for review the following question certified to be of great public importance:
DOES CHAPTER 489, FLORIDA STATUTES (1991), THE LICENSING AND REGULATORY CHAPTER GOVERNING CONSTRUCTION CONTRACTING, CREATE A PRIVATE CAUSE OF ACTION AGAINST THE INDIVIDUAL QUALIFIER FOR A CORPORATION ACTING AS A GENERAL CONTRACTOR?
Murthy v. N. Sinha Corp., 618 So.2d 307 (Fla.3d DCA 1993). We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
The Murthys (owners) entered into a construction contract with N. Sinha Corporation (corporation) for construction of improvements and additions to their home. In May 1991, the corporation filed a claim of lien against the owners' home, alleging that the owners owed $28,010.57 on the contract. Thereafter, the owners filed a notice of contest of lien claiming the work on their home was defective and the payments requested were not yet due under the contract. The corporation then filed a complaint for breach of contract and foreclosure of its statutory mechanics' lien. The owners responded by filing an answer containing affirmative defenses, a counterclaim and a third-party complaint. After the court partially granted the corporation's motion to strike the answer, the owners filed an amended counterclaim against the corporation and an amended third-party complaint against Niranjan Sinha, the corporation's president, sole stock-holder, and qualifying agent. The third-party complaint alleged that Sinha, as the corporation's qualifying agent, was individually liable for the construction defects pursuant to chapter 489, Florida Statutes (1991).[1]
The trial court granted Sinha's motion to dismiss the amended third-party complaint and the owners appealed the dismissal of *985 their claims for negligent performance of a contract, discharge of a fraudulent lien,[2] and violation of Florida's minimum building codes.[3] The district court held that the complaint stated a cause of action against Sinha for common-law negligence because the owners alleged both property damage and personal injury.[4] The court, however, affirmed the dismissal of the remaining claims because it determined that sections 489.119 and 489.129, Florida Statutes (1991), the regulatory and penal provisions of chapter 489, did not create a private cause of action against a qualifying agent. Murthy, 618 So.2d at 309. The court also recognized that Sinha could not be held personally liable in this case because he was not a party to the contract. Id.
The owners contend that chapter 489 creates a cause of action against a qualifying agent who fails to supervise his corporation's construction projects and that the trial court, therefore, erred in dismissing their claims against Sinha. In particular, they claim that sections 489.119 and 489.1195, Florida Statutes (1991), impose a duty to supervise on the qualifying agent and a violation of that duty constitutes negligence per se or at least evidence of negligence sufficient to send the cause to a jury. We agree that a qualifying agent for a corporation has a duty to supervise a corporation's construction projects,[5] but we find that the failure to meet that duty does not give rise to a private cause of action against a corporation's qualifying agent.
While chapter 489 provides administrative remedies against a qualifying agent,[6] it does not expressly provide for a civil cause of action. Accordingly, to address the Murthys' claim we must determine whether a cause of action should be judicially implied. In the past, some courts dealing with this issue have looked to whether the statute at issue imposed a duty to benefit a class of individuals. Texas & Pacific Ry. v. Rigsby, 241 U.S. 33, 39, 36 S.Ct. 482, 484, 60 L.Ed. 874, 877 (1916); Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678, 680 (Fla.3d DCA 1964). These courts simply concluded that a cause of action arose when a class member was injured by a breach of that duty. Rosenberg, 168 So.2d at 680. Today, however, most courts generally look to the legislative intent of a statute to determine whether a private cause of action should be judicially inferred. Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis, 444 U.S. 11, 15-16, 100 S.Ct. 242, 245-46, 62 L.Ed.2d 146 (1979) ("[W]hat must ultimately be determined is whether Congress intended to create the private remedy asserted."); Freehauf v. School Board of Seminole County, 623 So.2d 761, 763 (Fla. 5th DCA) ("Whether a statute creates a private cause of action for its breach, so that it is appropriate to instruct a jury that its breach is negligence per se, or evidence of negligence, turns on various considerations aimed at resolving what the Legislature intended when it passed the statute in the first place."), review dismissed, 629 So.2d 132 (Fla. 1993); Finkle v. Mayerchak, 578 So.2d 396, 397-98 (Fla.3d DCA 1991); Fischer v. Metcalf, 543 So.2d 785 (Fla.3d DCA 1989) (applying the criteria set forth in Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), to discern whether the legislature intended to create a cause of action when it enacted a particular statute). Although we are not bound by the decisions of these courts, we agree that legislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one. See In re Order on Prosecution of Criminal Appeals, 561 So.2d 1130, 1137 (Fla. 1990); Parker v. State, 406 So.2d 1089, 1092 (Fla. 1981) ("[L]egislative intent *986 is the pole star by which we must be guided in interpreting the provisions of a law.").
Chapter 489 establishes licensing procedures and regulatory duties for the construction industry and created the Construction Industry Licensing Board to enforce the performance of these procedures and duties. There is no evidence in the language of the statute or the statutory structure that a private cause of action against a qualifying agent was contemplated by the legislature in enacting this statute. Cf. Moyant v. Beattie, 561 So.2d 1319 (Fla.4th DCA 1990) (finding legislative intent to authorize private actions where regulatory statute limited recovery from statutorily created fund to persons who had received final judgment in any action where the cause was based on a violation of the statute). Rather, the language of chapter 489 indicates that it was created merely to secure the safety and welfare of the public by regulating the construction industry.[7] "In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability." Id. at 1320 (quoting 49 Fla.Jur.2d, Statutes § 223 (1984)); see also Freehauf, 623 So.2d at 764 (citing 49 Fla.Jur.2d, Statutes § 223 (1984)).
The legislative history of chapter 489 does not reveal an intent to create a cause of action against a qualifying agent either. On the contrary, the sole provision in chapter 489 authorizing private suits, section 489.5331, Florida Statutes (1987), authorized them only against unlicensed or uncertified contractors. In 1988, legislators moved this provision to section 768.0425 and, thereby, removed from chapter 489 any reference to a private cause of action against a contractor.[8] Accordingly, we decline to infer any civil liability as there is no evidence in the language or the legislative history of chapter 489 of a legislative intent to create a private remedy against a qualifying agent.
Our interpretation of chapter 489 resolves the apparent conflict that exists among the districts with respect to this issue. While the Third District recognized that its decisions in this case and in Finkle conflict with the decisions in Gatwood, Hunt, and Alles, we conclude that the conflict is not as broad as that court or the owners suggest. Rather, we find that most of the decisions on which the owners rely do not clearly recognize that chapter 489 creates a private cause of action against a corporation's qualifying agent.
In Alles and Hunt the First and Fifth Districts simply upheld the Construction Industry Licensing Board's recommendations regarding the sanctions imposed on several qualifying agents who failed to supervise their corporation's construction project. While these decisions recognized that the Board may sanction qualifying agents for violation of their statutorily imposed duty, they do not imply that chapter 489 creates a private right of action against qualifying agents.
In Gatwood, the court also recognized the qualifying agent's duty to supervise its corporation's construction projects. The court, however, went on to conclude that "the negligent performance of the qualifying agent's statutorily-imposed duty of supervision may support a cause of action for damages sustained by subsequent purchasers ... as a result of latent construction defects." Gatwood, 475 So.2d at 723. We agree that an owner may recover from a negligent qualifying *987 agent, but only under a common law theory of negligence or through the administrative remedies available pursuant to chapter 489. Due to our analysis of the legislative history in this case we cannot assume that the legislature intended anything more. Accordingly, we reject the First District's conclusion that a corporation's qualifying agent may be held individually liable for a breach of the duty created by sections 489.119 and 489.1195.[9]
Accordingly, we approve the decision below to the extent that it is consistent with this opinion and disapprove Gatwood to the extent it conflicts with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] Chapter 489 requires a corporation or other business entity seeking to become a contractor to procure an individual licensed contractor as its qualifying agent. § 489.119, Fla. Stat. (1991). The qualifying agent must apply for registration or certification with the Department of Professional Regulation on behalf of the corporation before the corporation can engage in any construction. See id. Additionally, the qualifying agent is responsible for supervising, directing, managing, and controlling both the corporation's contracting and construction activities. See §§ 489.105(4), .1195, Fla. Stat. (1991).
[2] § 713.31, Fla. Stat. (1991).
[3] § 553.84, Fla. Stat. (1991).
[4] Specifically, the owners alleged that the corporation prematurely cut an overhang which caused flooding inside the owners' home. In addition, the owners alleged that the corporation's activities caused a ceiling to collapse which resulted in personal injury to Mrs. Murthy.
[5] See § 489.119, Fla. Stat. (1991); Gatwood v. McGee, 475 So.2d 720 (Fla. 1st DCA 1985); Hunt v. Department of Professional Regulation, 444 So.2d 997 (Fla. 1st DCA 1983); Alles v. Department of Professional Regulation, 423 So.2d 624, 626 (Fla. 5th DCA 1982).
[6] See §§ 489.119, .127, .129, Fla. Stat. (1991).
[7] Section 489.101 describes the purpose of chapter 489 as follows:

The Legislature recognizes that the construction and home improvement industries may pose a danger of significant harm to the public when incompetent or dishonest contractors provide unsafe, unstable, or short-lived products or services. Therefore, it is necessary in the interest of the public health, safety and welfare to regulate the construction industry.
[8] When scrutinizing the legislative history of a statute to determine legislative intent, courts may also look to acts passed at subsequent sessions. Watson v. Holland, 155 Fla. 342, 20 So.2d 388 (1944), cert. denied, 325 U.S. 839, 65 S.Ct. 1408, 89 L.Ed. 1965 (1945). In this case, we note that the legislature has recently amended chapter 489 to provide that "[u]nless specifically provided, the provisions of this part shall not be construed to create a civil cause of action." Ch. 94-119, § 265, Laws of Florida. Our conclusion, therefore, clearly comports with the legislature's intent.
[9] We also reject the similar conclusion arrived at by Judge Hall in his special concurring opinion in Mitchell v. Edge, 598 So.2d 125, 129 (Fla. 2d DCA 1992).