672 So.2d 848 (1996)
SEABRIDGE, INC., a Florida Corporation, and Richard A. Jemison, Appellants,
v.
SUPERIOR KITCHENS, INC., Appellee.
No. 94-2226.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Order Clarifying Opinion on Denial of Rehearing May 13, 1996.
*849 James Conway, Stuart, for appellants.
Stephen Navaretta and Mary Jean Navaretta of Navaretta & Navaretta, Attorneys at Law, P.A., Port St. Lucie, for appellee.
PER CURIAM.
Appellant, Seabridge, Inc. (Seabridge), and Richard A. Jemison (Jemison), defendants below, appeal a final judgment finding in favor of Superior Kitchens, Inc. (Superior). For the following reasons, we reverse.
Superior contracted with Seabridge to furnish and install kitchen cabinets, vanities, and bathrooms in four luxury homes. Superior completed the work and at no time was there ever any claim of deficient workmanship. Seabridge received payment in full for Superior's work, but diverted these funds to pay other bills of Seabridge instead of paying Superior. Due to nonpayment, Superior sued Seabridge and Jemison as the primary qualifying agent for Seabridge for breach of contract, misapplication of funds, civil theft and other relief.
At trial, Jemison agreed that he maintained records and knew that there was a shortfall with Superior. Further, Jemison admitted that as a routine practice, he tapped the "cash pipeline of Seabridge Builders to pay job B with job A's funds." In this case, the pipeline dried up and Jemison used his personal funds to make up shortfalls.
At the conclusion of trial, the trial court found that Seabridge committed civil theft as defined by section 772.11, Florida Statutes (1991), by reason of violation of sections 713.345 and 812.014, Florida Statutes (1991). In addition, the trial court found, inter alia, that Jemison was liable as a primary qualifying agent for Seabridge under chapter 489, Florida Statutes (1993).
We reject the trial court's determination that Seabridge can be found guilty of civil theft as defined by section 772.11[1], by reason of violation of sections 713.345 and 812.014. If we thought that a violation of section 713.345 was included within the remedial provisions of the civil theft statute, section 772.11, we would agree that the corporation could be liable for the civil theft claim. The statutes, however, will not bear a construction of that kind.
In the first place, section 713.345(1)(b) expressly says that a person who violates subsection 713.345(1)(a) is guilty of the crime of "misapplication of construction funds [e.s.]." It does not denominate the crime as theft. Second, section 772.11 is part of the chapter dealing with civil remedies for criminal practices. *850 In 30 subparagraphs, section 772.102 designates each statutory provision included within the civil remedies afforded by chapter 772, but section 713.345 is not one of the crimes listed.
Finally, section 772.11 itself limits its remedy to violations of only sections 812.012 through 812.037. But there is nothing in the specified statutes deeming a violation of section 713.345 to be the crime of theft under sections 812.012-812.037. Frankly, if we were to apply the Blockburger test, see section 775.021(4), to a person who had been charged with a violation of both 713.345 and section 812.014 for a single episode involving only the same construction funds, we would find separate convictions legally permissible because they involve disparate elements. Accordingly, we reverse the civil theft damages award in this case.
Additionally, the trial court found Jemison jointly and severally liable as primary qualifying agent of Seabridge. After judgment was rendered in the instant case, the Florida Supreme Court determined that Chapter 489, Florida Statutes does not create a private cause of action against the individual qualifier for a corporation acting as a general contractor. Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994). The supreme court found that while chapter 489 provides administrative remedies against a qualifying agent, it does not expressly provide for a civil cause of action. Id. at 985. The supreme court concluded:
Chapter 489 establishes licensing procedures and regulatory duties for the construction industry and created the Construction Industry Licensing Board to enforce the performance of these procedures and duties. There is no evidence in the language of the statute or the statutory structure that a private cause of action against a qualifying agent was contemplated by the legislature in enacting this statute.
Id. at 986. Accordingly, the supreme court declined to infer any civil liability as there is no evidence in the language or the legislative history of chapter 489 of a legislative intent to create a private remedy against a qualifying agent. Id.
Thus, based on Murthy, we reverse that part of the trial court's final judgment finding Jemison, as primary qualifying agent of Seabridge, jointly and severally liable for the amount paid to Seabridge on account of and for the benefit of Superior. Additionally, for the same reason, that part of the final judgment entered against Jemison, individually, as primary qualifying agent of Seabridge pursuant to chapter 489 is reversed.
Accordingly, we reverse the trial court's final judgment determining Seabridge had committed civil theft as defined by section 772.11 through violation of sections 713.345 and 812.014. Further, we reverse that part of the trial court's final judgment finding Jemison jointly and severally liable, as well as individually liable, as primary qualifying agent of Seabridge.
REVERSED.
GUNTHER, C.J., and STONE and FARMER, JJ., concur.
BY ORDER OF THE COURT:
ORDERED, that appellee's motion for rehearing is denied. However, we clarify this court's opinion.
It was this court's intention to affirm the damages award against Seabridge, Inc., in the sum of $75,304.12. The reversal applies only to the enhanced damages pursuant to section 772.11, Florida Statutes, and to the joint and several liability of Richard A. Jemison as qualifying agent and individually for the basic damages plus attorney's fees and costs.
NOTES
[1] All references are to Florida Statutes (1991).