710 So.2d 633 (1998)
Abraham MORA, as Personal Representative of the Estate of Flora Ellowicz, deceased, on behalf of and for the benefit of Hadassah Medical Relief Association, Inc., beneficiary, Appellant,
v.
SOUTH BROWARD HOSPITAL DISTRICT and Memorial Regional Hospital, Inc., Appellees.
No. 97-0810.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
Rehearing Denied May 15, 1998.
David A. Hoines of Hoines & Rose, Fort Lauderdale, for appellant.
Linda R. Spaulding of Conrad, Scherer & Jenne, Fort Lauderdale, for Appellee-South Broward Hospital District.
STONE, Chief Judge.
We affirm an order dismissing a negligence complaint against Appellees. The trial court did not err in recognizing that a violation of the reporting requirement in chapter 415, part I, Florida Statutes, does not result in a civil cause of action.
The incident occurred when Flora Ellowicz was admitted as a patient at Memorial Regional Hospital (Memorial) and allegedly told Dr. Cahn, a psychologist on Memorial's staff, that Lois Matta, her live-in care giver, was stealing from her and physically and emotionally abusing her. Dr. Cahn noted this conversation on Flora's chart as follows:
Patient tells long story about her aid [Lois Matta] taking her $ [money] ... aid stays right on top & listens to every word. Who is right? Will ask Soc. Worker to get story & check with bank.
However, no one from Memorial followed up on Flora's allegations, and she was eventually released back into Matta's care. Plaintiff alleges that Memorial had a duty to report the matter under the Adult Protective Services Act, Chapter 415, Part 1, Florida Statutes, which requires that any one, including hospital personnel, "who knows, or has reasonable cause to suspect, that a disabled or elderly person, who has been or is being abused, neglected or exploited shall immediately report such knowledge or suspicion to the central abuse registry and tracking system....". § 415.1034, Fla. Stat. (1995). Plaintiff claims that the staff's failure to report abuse, as required under the act, gave *634 rise to a civil cause of action against the hospital. Plaintiff claimed that Matta continued to emotionally and physically abuse Flora until her death approximately 8 weeks later.
Memorial asserted numerous grounds to support its motion to dismiss, including that Plaintiff failed to state a cause of action because chapter 415 does not create a private cause of action. Plaintiff did not request leave to amend the complaint to set forth a claim for simple negligence, nor did Plaintiff seek rehearing of the order dismissing this action with prejudice.
Clearly, chapter 415, part 1, does not explicitly provide individuals with a private cause of action against those violating the reporting requirement. In order to determine whether a private cause of action should be judicially inferred, the court must look to the legislative intent. See Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994) (holding that regulatory and penal statutes governing the construction industry did not create a private cause of action against an individual qualifying agent). In Murthy, the supreme court noted that, in the past, some courts dealing with this issue have looked to whether the statute imposed a duty to benefit a specific class of individuals. Id. at 985. However, the court further stated that, "we agree that the legislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." Id.
We note that in the 1995 amendment to chapter 415, the legislature included a section entitled "Civil Penalties," section 415.1111. This section provides that anyone named as a perpetrator in a confirmed report of abuse shall be subject to civil fines. This section also provides victims with a private cause of action against the perpetrator of the abuse. But this section provides no civil penalties against those who merely fail to report an incident. Rather, misdemeanor penalties are provided in section 415.111 for violation of the mandatory reporting requirements.
It is evident that the legislature considered both civil and criminal penalties under this statute, but subjected only actual perpetrators of abuse to civil penalties. This is strong evidence of a legislative intent not to provide a civil cause of action for victims against those who fail to report the abuse as required by this act. See PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla.1988) (express mention of one thing implies the exclusion of another).
Further, the amendments made in 1995 to part 1 of chapter 415, favoring the elderly and disabled, virtually mirror amendments made to part 4 of chapter 415, protecting abused and neglected children. Florida courts have consistently refused to impose civil liability for the failure to report suspected child abuse. See J.B. v. Department of Health and Rehab. Servs., 591 So.2d 317 (Fla. 4th DCA 1991); Freehauf v. School Bd. of Seminole County, 623 So.2d 761 (Fla. 5th DCA 1993); Fischer v. Metcalf, 543 So.2d 785 (Fla. 3d DCA 1989).
We have considered Department of Health and Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla.1988), in which the court held that HRS may be sued for negligence where it failed to prevent the further abuse of a child. However, the plaintiff in Yamuni was not suing for violation of a statute, but for common law negligence.
We recognize that the immunity provision contained in § 415.1036 provides civil as well as criminal immunity for one making a report required by the statute. However, this provision more logically appears to provide that those making a report are immune from such causes of action as slander, liable, or providing false information.
Therefore, the order of dismissal is affirmed.
GUNTHER and SHAHOOD, JJ., concur.