PER CURIAM.
Ronald Evans and Barbee Snyder, homeowners, appeal from an order of final summary judgment entered in favor of Rodney Taylor, the third party defendant. For the following reasons, we reverse.
The homeowners contracted with T-Systems, Inc. for repairs to be done on their residence following Hurricane Andrew. Rodney Taylor is the qualifying agent for T-Systems. T-Systems sued the homeowners for breach of contract and foreclosure of a mechanic’s lien. The homeowners counterclaimed for breach of contract, alleging that the contractor’s work was improper and incomplete. The homeowners then filed a *1318 third party complaint against Rodney Taylor individually, alleging unfair and deceptive trade practices under Chapter 501, Florida Statutes; violation of the building code; and unjust enrichment.
Taylor filed a motion for summary judgment, arguing that as the qualifying agent for T-Systems, he could not be held personally liable for purely economic losses. Taylor’s motion relied primarily on Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994). In Murthy, the supreme court held that Chapter 489, Florida Statutes, which is the licensing and regulatory chapter governing construction contracting, does not create a private cause of action against the qualifying agent. Id. at 986. In opposition to Taylor’s motion for summary judgment, Ronald Evans filed an affidavit in which he averred that Taylor not only acted as the qualifying agent for T-Systems and supervised the work done on his residence, but that “Taylor himself undertook repairs to [the] residence which were defective and not in compliance with applicable building codes.” Taylor filed no counter affidavit. The trial court granted Taylor’s motion, citing Murthy.
The trial court erred in entering summary judgment in favor of Taylor, as the action is not barred by Murthy. In this case, unlike the plaintiffs in Murthy, the homeowners did not seek relief against the qualifying agent pursuant to Chapter 489, Florida Statutes; they sought relief under Chapter 501 for unfair and deceptive trade practices. Furthermore, Evans’ uncontradicted affidavit in opposition to the motion for summary judgment indicates that the homeowners sued Taylor not only because he was T-Systems’ qualifying agent, but also because he himself had performed work on the project.
Reversed and remanded for further consistent proceedings.