NORTHCUTT, Judge.
 

 The circuit court determined that Clark H. Scherer, III, the qualifying agent for a contractor, failed in his statutory obligation to supervise the contractor’s construction of the Villas Del Verde townhome project. The court entered a judgment against Scherer for damages stemming from defects in the construction. But the Florida Supreme Court has held that a qualifying agent’s failure to perform his statutory duty does not give rise to a private cause of action against him. We therefore reverse the final judgment against Scherer.
 

 The Villas Del Verde is a sixty-two-unit townhome community consisting of eleven buildings in Gulfport. CFS Gulfport LLC was the developer, and Scherer Construction
 
 &
 
 Engineering LLC (SCE) was the general contractor. Clark Scherer, a licensed general contractor, was a principal in CFS and the qualifying agent for SCE. The project was built between 2002 and
 
 *603
 
 2005.
 
 [1]
 
 After control of the community was turned over to the Villas Del Verde Homeowners’ Association, the Association filed a multi-count suit to recover damages owing to defects in the construction. The Association sued CFS and SCE; it later added Scherer individually. The two corporate entities did not appear or defend against the suit.
 

 After a nonjury trial, the circuit court found that certain work related to stuccoed walls and concrete driveways did not conform to the 1997 Standard Building Code, under which this project was built. The court awarded the Association over one million dollars, plus prejudgment interest, jointly and severally against CFS, SCE, and Scherer. Scherer appeals the judgment against him; the corporate entities have not appealed.
 

 The Association’s single count against Scherer was based on section 553.84, Florida Statutes (2002), which creates a civil action for building code violations. Section 553.84 states in pertinent part:
 

 [A]ny person or party, in an individual capacity or on behalf of a class of per: sons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.[
 
 2
 
 ]
 

 In addition to evidence of the shoddy stucco and concrete work, the Association introduced evidence that Scherer was SCE’s qualifying agent and that Scherer failed to supervise the construction.
 

 Building construction standards are established' by chapter 553, which adopts the building codes that govern most construction in Florida.
 
 [3]
 
 Qualifying agents, on the other hand, are a product of chapter 489, Florida Statutes (2002), which regulates the construction industry as a matter of “public health, safety, and welfare.” § 489.101. Any business entity that seeks a certificate of authority to engage in contracting must name a qualifying agent. § 489.119(2). The Construction Industry Licensing Board then investigates the “financial responsibility, credit, and business reputation of the qualifying agent and the new business organization” before the Department of Business and Professional Regulation issues a certificate of authority to the business. § 489.119(3)(c). As defined in section 489.105(4):
 

 “Primary qualifying agent” means a person who possesses the requisite skill, knowledge, and experience, and has the responsibility, to supervise, direct, manage, and control the contracting activities of the business organization with which he or she is connected; who has the responsibility to supervise, direct, manage, and control construction activities on a job for which he or she has obtained the building permit; and whose technical and personal qualifications have been determined by investigation and examination as provided in this part, as attested by the department.
 

 
 *604
 
 Thus, SCE would not have been authorized to act as contractor without having Scherer or another competent individual as its qualifying agent. Further, as the qualifying agent, Scherer had the statutory responsibility “to supervise, direct, manage, and control” SCE’s activities “on a job for which he ... obtained the building permit.”
 
 See
 
 § 489.105(4). But these regulatory provisions are set forth in chapter 489; they do not appear in chapter 553 or in the building codes themselves.
 
 [4]
 
 In other words, Scherer’s failure to supervise was not a violation of the building code.
 

 The Florida Supreme Court was confronted with exactly this scenario in
 
 Murthy v. N. Sinha Corp.,
 
 644 So.2d 983 (Fla.1994). There, property owners entered into a construction contract with the N. Sinha Corporation.
 
 Id.
 
 at 984. Niranjan Sinha was the corporation’s president, sole stockholder, and qualifying agent.
 
 Id.
 
 The corporation sued the owners for breach of contract and foreclosure of a statutory mechanics’ lien. The owners counterclaimed against the corporation and filed a third-party complaint against Sinha individually. They alleged in part that, as the corporation’s qualifying agent, Sinha was personally liable for violation of Florida’s minimum building codes pursuant to section 553.84.
 
 Id.
 
 at 985 n. 3.
 

 Other than citing this statute in a footnote explaining the owners’ claim, the supreme court did not examine the civil cause of action created by section 553.84. Instead, the opinion analyzed whether a cause of action should be judicially inferred from the supervisory duty created in chapter 489. It seems to us that the supreme court followed this course because the owners had not alleged that Sinha himself “committed” a building code violation. The corporation was the general contractor on the job, and the corporation was the party to the owners’ contract. Sinha was the corporation’s qualifying agent but was not a party to the owners’ contract and, from the absence of facts in the
 
 Mmihy
 
 opinion suggesting otherwise, was not the party who committed the alleged building code violation. In short, he was in the same position as Clark Scherer was in this case.
 

 Thus, today we make explicit what is perhaps implicitly stated in
 
 Murthy:
 
 a qualifying agent’s breach of the duties imposed by chapter 489 does not give rise to a claim against the qualifying agent under section 553.84 for a building code violation.
 
 Cf. Seabridge, Inc. v. Superior Kitchens, Inc.,
 
 672 So.2d 848, 850 (Fla. 4th DCA 1996) (citing
 
 Murthy
 
 ⅛ holding that “while chapter 489 provides administrative remedies against a qualifying agent, it does not expressly provide for a civil cause of action”; reversing judgment against qualifying agent of corporation, which was liable for damages because it failed to pay kitchen contractor);
 
 Evans v. Taylor,
 
 711 So.2d 1317, 1318 (Fla. 3d DCA 1998) (finding
 
 Murthy
 
 inapplicable to case where homeowners sued qualifying agent “because he himself had performed work on the project”). We note that, in the same year that
 
 Murthy
 
 was decided, the legislature amended chapter 489 to state clearly the applicability of part I related to construction contracting: “Unless specifically pro
 
 *605
 
 vided, the provisions of this part shall not be construed to create a civil cause of action.” § 489.131(12) (added by ch. 94-119, § 265, at 602, Laws of Fla.).
 

 When announcing its ruling below, the circuit court expressed its concern about contractors lending their names and licenses to corporations that disappear when liability issues arise. As one commentator has noted:
 

 It is not unusual for contractors to conduct business through corporations with insufficient assets to satisfy claims for defective work. A contractor does not need a physical plant to operate and can lease equipment and hire labor as needed on a project-by-project basis. Thus, the corporate form often constitutes a substantial impediment for recovery by the owner for defective construction.
 

 H. Hugh McConnell,
 
 Diminished, Capacity
 
 — Owners'
 
 Ability to Sue for Construction Defects in Florida,
 
 71 Fla. Bar J. 64, 67 (June 1997).
 
 [5]
 
 We share the court’s frustration, but we must follow the supreme court’s precedent in
 
 Murthy,
 
 which we find controlling in this case and which is reinforced by the explicit terms of the various statutes discussed above.
 

 Reversed.
 

 VILLANTI and LaROSE, JJ., Concur.
 

 [1]
 

 . The building permits were issued in 2002. We note this fact to explain our later citation to the 2002 version of the Florida Statutes, but there are no significant differences pertinent to this case in the versions immediately before or after 2002.
 

 [2]
 

 . Prior versions of section 553.84 referred to the State Minimum Building Codes.
 
 See, e.g.,
 
 § 553.84, Fla. Stat. (1999-2000).
 

 [3]
 

 .See
 
 § 553.73(8) (listing certain buildings, structures, and facilities that are exempt from the building code, such as federal government buildings, railroad facilities, nonresidential farm buildings, temporary structures for movie and TV production, and Miccosukee or Seminole Tribe chickees).
 

 [4]
 

 . In fact, section 553.73(2) states in pertinent part:
 

 Technical provisions to be contained within the Florida Building Code are restricted to requirements related to the types of materials used and construction methods and standards employed in order to meet crite-na specified in the Florida Building Code. Provisions relating to the personnel, supervision or training of personnel, or any other professional qualification requirements relating to contractors or their workforce may not be included within the Florida Building Code....
 

 [5]
 

 . The author also points out the discrepancy between licensed contractors acting as qualifying agents, who are insulated from individual liability, and design professionals such as architects and engineers, who "are statutorily barred from using the corporate form as a means of avoiding personal liability for failure to meet standards of professional care to which they are bound to adhere.”
 
 Id.
 
 at 67-68 (citing § 471.023(3) (engineers), and § 481.219(11) (architects)).