DAMOORGIAN, J.
Rick M. Curtis appeals the summary final judgment entered against him and in favor of the City of West Palm Beach on Curtis’ claim brought under the Firefighter’s Bill of Rights (FBR), section 112.81, Florida Statutes (2007), et. seq. We affirm the summary judgment because the trial court properly concluded that Curtis’ claim for damages was not an available remedy under the FBR.
Curtis brought a claim under the FBR, which he subsequently amended.[1] In his amended complaint, Curtis alleged that the City failed to advise him of his rights prior to imposing disciplinary action and that the failure to do so violated the FBR. The remedy sought for these alleged violations was various forms of monetary damages. After proceeding through the pleading stage, the City filed a motion to dismiss or, alternatively, a motion for summary judgment. In its motion, the City argued that the claims had been previously litigated in a separate lawsuit and, therefore, the claims raised in the amended complaint were barred by collateral estoppel, estop-pel by judgment, or res judicata. After conducting a hearing on the City’s motion, the trial court concluded that damages were not available as a remedy under the FBR, and that the undisputed evidence established that Curtis had never been subject to an “interrogation,” as that term is defined in section 112.81(6). The trial court explicitly stated that the grounds raised by the City did not form the basis of the court’s ruling.
We need only address whether the trial court was correct in concluding that the FBR does not create a cause of action for damages.[2] “[R]emedies sought in an action brought under a statute which creates a statutory right or duty are generally limited to those specified within the statute.” Dascott v. Palm Beach County, 988 So.2d 47, 48 (Fla. 4th DCA 2008). “Whether a violation of a statute can serve as the basis for a private cause of action is a question of legislative intent.” Aramark TJnif. & Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2004); see also United Auto. Ins. Co. v. A 1st Choice Healthcare Sys., 21 So.3d 124, 128 (Fla. 3d DCA 2009) (“It is axiomatic that whether a private right of action exists for a violation of a statute is a matter of legislative intent.”). “[A] court may imply a private cause of action only where the statutory scheme and statute itself indicate a legislative purpose to do so.” Merkle v. Health Options, Inc., 940 So.2d 1190, 1197 (Fla. 4th DCA 2006).
When conducting a statutory analysis, a court attempts to discern the legislative intent expressed in the statute. Kingsway Amigo Ins. Co. v. Ocean Health, Inc., 63 So.3d 63, 66 (Fla. 4th DCA 2011) (citing Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 5 (Fla.2004)). “To discern legislative intent, a court first looks to the statute’s plain language. If a statute is clear and unambiguous, ‘there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious mean *896 ing.’ ” Id. at 66 (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)) (citations omitted).
Under the FBR,
[i]f an agency employing firefighters fails to comply with the requirements of this part, a firefighter employed by such agency who is personally injured by such failure to comply may apply directly to the circuit court ... for an injunction to restrain and enjoin such violation of the provisions of this part and to complete the performance of the duties imposed by this part.
§ 112.83, Fla. Stat. (2007) (emphasis added). A reading of the plain language of this provision makes it abundantly clear that injunctive relief is the only available relief under this section for the violations that serve as the basis of the complaint.
Curtis responds that this interpretation does not take into account section 112.84, Florida Statutes (2007). Section 112.84(1), entitled “Rights of firefighters nonexclusive,” provides:
The rights of firefighters as set forth in this part shall not be construed to diminish the rights and privileges of firefighters that are guaranteed to all citizens by the Constitution and laws of the United States and of this state or limit the granting of broader rights by other law, ordinance, or rule. These rights include the right to bring suit against any individual, group of persons, association, organization, or corporation for damages, either monetary or otherwise, suffered during the performance of the firefighter’s official duties or for abridgment of the firefighter’s rights, civil or otherwise, arising out of the performance of his or her official duties.
We read this provision to clarify that nothing in the FBR should be read to limit any other cause of action available to firefighters through some other statute or under common law. Had the legislature intended to allow claims seeking damages for violations of the FBR, we presume that it knows how to do so. Accordingly, the trial court correctly concluded that the FBR does not create a cause of action for damages and, for that reason, the amended complaint failed to set forth a cause of action.
Although neither party raised the grounds upon which the trial court based its decision, we nonetheless affirm under the tipsy coachman doctrine. Dade Cnty. Sell. Bd. v. Radio Station WQBA, 731 So.2d 638, 645 (Fla.1999) (“[A]n appellee, in arguing for the affirmance of a judgment, is not limited to legal arguments expressly asserted as grounds for the judgment in the court below.”); Arthur v. Milstein, 949 So.2d 1163, 1166 (Fla. 4th DCA 2007).

Affirmed.

GROSS, C.J., and POLEN, J., concur.

. The original complaint sought only injunc-tive relief. In his amended complaint, Curtis dropped his claim for injunctive relief and sought only monetary damages.

. Because we have concluded that the trial court was correct on this issue, we need not address the propriety of the trial court’s ruling that established that Curtis had never been subject to an "interrogation,” as that term is defined in section 112.81(6).