DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY** a/s/o **DOROTHY ANDERSON, BETTY A. HOWARD, JEAN M. JARD, JANET A. DOWDY** and **DEBORAH L. SMITH,**
Appellants,

v.

**PATRICK LOFTUS, DONNA LOFTUS, MICHAEL P. DEPINTO** and **TATIANA DEPINTO,**
Appellees.

No. 4D18-2192

[ August 7, 2019 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 312016CA00174.

Paulo R. Lima and Elizabeth K. Russo of the Russo Appellate Firm, P.A., Miami, and Markcity, Rothman, Cantwell & Breitner, P.A., Fort Lauderdale, for appellants.

Matthew J. Conigliaro of Carlton Fields Jorden Burt, P.A., Tampa, and Benjamine Reid of Carlton Fields Jorden Burt, P.A., Miami, for Appellees Patrick and Donna Loftus.

TAYLOR, J.

Universal Property & Casualty Company ("Universal") appeals a final summary judgment in its subrogation action against the owners of a condominium unit. Universal's complaint sought to hold the owners of the unit vicariously liable under section 718.111(11)(j), Florida Statutes, for their tenants' alleged negligence in causing water damage to a downstairs unit owned by Universal's insureds. Because the trial court correctly concluded that section 718.111(11)(j) does not provide a condominium unit owner with a private right of action against another unit owner for the tortious conduct of the latter's tenants, we affirm.

By way of background, Universal provided homeowners' insurance for a condominium unit owned by the insureds. A water leak in the upstairs

condominium unit caused damage to the insureds' unit. The upstairs unit was owned by the Loftuses (the "landlords"), who rented their unit to the DePintos (the "tenants").

Universal, as subrogee of the insureds, filed a two-count complaint against the tenants and the landlords, seeking to recover the $24,628.27 it had paid to remedy the water damage to the insureds' condominium unit, plus the $500 deductible that the insureds had paid toward the loss. Count I asserted a claim against the tenants for negligence. Count II asserted a claim against the landlords on the theory that the landlords were vicariously liable for their tenants' negligence under section 718.111(11)(j), Florida Statutes.

Following some discovery, the landlords moved for summary judgment. The landlords argued that: (1) section 718.111(11)(j) does not provide Universal with a private cause of action against a condominium unit owner for the alleged negligence of the unit's tenants; and (2) the landlords were not liable for negligence because neither they nor their tenants breached any duty of care in maintaining the property.

The trial court granted the landlords' motion and entered final summary judgment, ruling that section 718.111(11)(j) did not make the landlords vicariously liable to Universal for the negligence of their tenants. The trial court did not reach the issue of whether the tenants were not negligent as a matter of law.[1]

On appeal, Universal argues that 718.111(11)(j) permits its subrogation claim against the landlords in this case because the statute makes condominium unit owners responsible for the cost to repair or replace a fellow unit owner's property that has been damaged by the negligence of the former's tenants.

By contrast, the landlords contend that the trial court correctly interpreted section 718.111(11)(j) as not providing a private right of action by a condominium unit owner against another unit owner for the latter's tenants' negligence.

An issue of statutory interpretation is reviewed de novo. *Bank of N.Y. Mellon v. Glenville*, 252 So. 3d 1120, 1126 (Fla. 2018).

"When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules

---

[1] Universal's negligence count against the tenants remains pending below.

of statutory construction to ascertain intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005). However, a single part of a statute should not be read in isolation. *Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n, Inc.,* 125 So. 3d 846, 849 (Fla. 4th DCA 2013). Instead, "all parts of a statute must be read together in order to achieve a consistent whole." *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992) (emphasis removed).

Whether a statute serves as the basis for a private cause of action is a question of legislative intent. *Curtis v. City of W. Palm Beach*, 82 So. 3d 894, 895 (Fla. 4th DCA 2011). "[A] court may imply a private cause of action only where the statutory scheme and statute itself indicate a legislative purpose to do so." *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1197 (Fla. 4th DCA 2006).

A private right of action may be implied from a statutory provision that would serve no useful purpose in the absence of a private right of action. *See Smith v. Piezo Tech. & Prof'l Adm'rs*, 427 So. 2d 182, 184 (Fla. 1983). For example, in *Smith,* the Florida Supreme Court held that a statute prohibiting employers from discharging an employee in retaliation for asserting a workers' compensation claim created a statutory cause of action for wrongful discharge. *Id.* at 183–84. The court emphasized that "because the legislature enacted a statute that clearly imposes a duty and because the intent of the section is to preclude retaliatory discharge, the statute confers by implication every particular power necessary to insure the performance of that duty." *Id.* at 184.

Subsequently, in *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994), the Florida Supreme Court clarified that "legislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." There, although the court found that a qualifying agent for a corporation had a statutory duty to supervise the corporation's construction projects, the court concluded that there was "no evidence in the language of the statute or the statutory structure that a private cause of action against a qualifying agent was contemplated by the legislature in enacting this statute." *Id.* at 986. Thus, *Murthy* represented a break from the historical judicial practice of simply looking "to whether the statute at issue imposed a duty to benefit a class of individuals" and concluding "that a cause of action arose when a class member was injured by a breach of that duty." *Id.* at 985.

With this backdrop in mind, we turn to the relevant statutory provisions.

Section 718.111(11), Florida Statutes (2014), which is part of Florida's "Condominium Act," contains the insurance coverage provisions applicable to condominium associations and their unit owners.[2]

Section 718.111(11)(f) requires that every property insurance policy obtained by the condominium association must provide coverage for "all portions of the condominium property as originally installed or replacement of like kind and quality," as well as all approved alterations or additions made to the condominium property, but must exclude coverage for the unit owners' personal property and the unit interiors, which the unit owners are responsible for insuring. § 718.111(11)(f)1.–3., Fla. Stat. (2014). In simplified terms, section 718.111(11)(f) requires that all condominium property outside of an individual unit must be insured by the condominium association, but any property within the boundaries of an individual unit and any insurance thereupon is the responsibility of the unit owner.

Section 718.111(11)(j), which is the focus of this appeal, addresses when repair and replacement costs for property damaged by an insurable event are to be paid by the condominium association as a common expense and when such costs are the responsibility of a unit owner:

> (j) Any portion of the condominium property that must be insured by the association against property loss pursuant to paragraph (f) which is damaged by an insurable event shall be reconstructed, repaired, or replaced as necessary by the association as a common expense. In the absence of an insurable event, the association or the unit owners shall be responsible for the reconstruction, repair, or replacement, as determined by the provisions of the declaration or bylaws. All property insurance deductibles, uninsured losses, and other damages in excess of property insurance coverage under the property insurance policies maintained by the association are a common expense of the condominium, *except that*:
>
> 1. *A unit owner is responsible for the costs of repair or replacement of any portion of the condominium property not paid by insurance proceeds* if such damage is caused by intentional conduct, negligence, or failure to comply with the

---

[2] The 2014 version of Chapter 718 was in effect at the time of the loss. Thus, throughout this opinion, all references to Chapter 718 will be to the 2014 version of the statutes.

terms of the declaration or the rules of the association by a unit owner, the members of his or her family, unit occupants, tenants, guests, or invitees, without compromise of the subrogation rights of the insurer.

2. *The provisions of subparagraph 1.* regarding the financial responsibility of a unit owner for the costs of repairing or replacing other portions of the condominium property *also apply to the costs of repair or replacement of personal property of other unit owners or the association, as well as other property, whether real or personal, which the unit owners are required to insure.*

§ 718.111(11)(j), Fla. Stat. (2014) (emphasis added).

Additionally, section 718.111(11)(g) states in relevant part:

1. All reconstruction work after a property loss must be undertaken by the association except as otherwise authorized in this section. . . .

2. Unit owners are responsible for the cost of reconstruction of any portions of the condominium property for which the unit owner is required to carry property insurance, or for which the unit owner is responsible under paragraph (j), and the cost of any such reconstruction work undertaken by the association is chargeable to the unit owner and enforceable as an assessment . . . .

§ 718.111(11)(g), Fla. Stat. (2014).

Here, the trial court correctly ruled that section 718.111(11)(j) does not provide a condominium unit owner with a private right of action against another unit owner for the "intentional conduct, negligence, or failure to comply with the terms of the declaration or the rules of the association" by the latter's tenants or other occupants. Nothing in the language of this statute or in the statutory structure indicates that a private cause of action between unit owners was contemplated by the legislature in enacting this statute.

Section 718.111(11)(j) simply defines when repair and replacement costs for property damaged by an insurable event are to be paid by the condominium association as a common expense, and when they are the responsibility of a unit owner. As noted above, section 718.111(11)(j)

5

essentially creates a general rule that all damages in excess of the association's property insurance coverage are a common expense of the association.

Subparagraphs 1 and 2, in turn, set forth exceptions to this general rule. The exception in subparagraph 1 states that a unit owner is responsible for the costs of repair or replacement of any portion of the condominium property not paid by insurance proceeds if such damage is caused by the intentional conduct, negligence, or failure to comply with the association's declaration or rules by a unit owner or by a unit owner's family, occupants, tenants, or other invitees. The exception in subparagraph 2 extends the first exception to include costs to repair or replace personal property of other unit owners and any property that the unit owners are required to insure.

When the exceptions in subparagraphs 1 and 2 apply, the repair and replacement costs are not a common expense of the association but instead are the responsibility of the unit owner. In other words, subparagraphs 1 and 2 complete the sentence begun in subsection (11)(j) and are simply exceptions to the general rule that repair and replacement costs not covered by insurance are a common expense of the association.

Without question, by using the language "responsible for the costs," the statute imposes a duty on a unit owner to be responsible for "the costs of repair or replacement of any portion" of an innocent unit owner's property not paid by insurance proceeds if such damage is caused by intentional conduct or negligence of the former's tenants. However, the existence of a statutory duty does not answer the question of whether a breach of that duty would give rise to a private right of action.

Here, the statute itself provides an enforcement mechanism under subsection (11)(g), which allows reconstruction work to be undertaken by the association and states that the cost of reconstruction work undertaken by the association "for which the unit owner is responsible under paragraph (j)" is chargeable to the unit owner and enforceable as an assessment. § 718.111(11)(g), Fla. Stat. (2014). While this enforcement mechanism is limited to circumstances where the association itself undertakes the reconstruction work, the existence of a statutory enforcement mechanism undermines Universal's argument that we should infer a legislative intent to create a private cause of action. This is not a case where the statutory provisions of section 718.111(11)(j) would serve no useful purpose in the absence of an implied right of action.

Subparagraphs 1 and 2 cannot be read in isolation to create statutory

6

causes of action between unit owners whereby a unit owner may be held vicariously liable to other unit owners for property damage caused by the negligent and even intentional actions of the former's tenants. Had the legislature intended to create vicarious liability in such an expansive fashion, it would have done so more clearly in the language and structure of the statute. We cannot assume that the legislature intended to authorize by implication such a judicial remedy in the context of a statute addressing which repair and replacement costs for property damaged by an insurable event are to be paid by the condominium association as a common expense.

Universal's argument is also problematic in that a unit owner's responsibility for damage caused by the negligent or intentional acts of the owner's tenants or occupants is limited to the costs "not paid by insurance proceeds." *See* § 718.111(11)(j)1., Fla. Stat. (2014). Universal argues that although the landlords' liability to Universal's insureds might be limited under section 718.111(11)(j) to the $500 "not paid by insurance proceeds," the landlords are nonetheless liable to Universal for the entire $25,128.27 sought by Universal. However, in putting forth this argument, Universal ignores the plain language of the statute.

Even if section 718.111(11)(j) were interpreted as creating a private right of action, nothing in section 718.111(11)(j) states that a unit owner is responsible for the entirety of damages caused by the negligent or intentional acts of the unit owner's tenants or occupants. Section 718.111(11)(j) imposes responsibility on a unit owner for damage caused by the negligent or intentional acts of the unit owner's tenants and other occupants, but this responsibility is limited to "the costs of repair or replacement . . . not paid by insurance proceeds."

Universal points to the statutory language "without compromise of the subrogation rights of the insurer" in support of its argument. But this language merely preserves an insurer's preexisting subrogation rights. This language does not give a subrogee greater rights than the insured unit owner whose property was damaged. Instead, this language merely prevents tenants or other occupants from arguing, as a defense to a subrogation action, that the statute relieves them of responsibility for their own tortious acts.

We emphasize that nothing in section 718.111(11)(j) compromises an insurer's right to bring a common law subrogation action alleging that a tortfeasor is directly liable for the full amount of damages to an insured unit owner's property caused by the tortfeasor's own negligence or intentional conduct. We also emphasize that nothing in this decision

compromises a unit owner's right to bring a common law tort action alleging that a tortfeasor is directly liable for any uncovered damages to the owner's property caused by the tortfeasor's own negligence or intentional conduct.

We merely hold that section 718.111(11)(j) was not intended to create a statutory right of action whereby condominium unit owners (or their insurers) may hold other unit owners vicariously liable for property damage caused by the tortious acts of the latter's tenants or occupants.

For the foregoing reasons, we affirm the trial court's final judgment.

*Affirmed.*

LEVINE, C. J., and ROWE, CYMONIE, Associate Judge, concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

8