# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1437
Lower Tribunal No. 23-22378-CA-01
_____

**Alexandria Investments, LLC, et al.,**
Appellants,

vs.

**Waterstone Capital, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz Judge.

Armstrong Teasdale LLP, Marlon J. Weiss and Glen H. Waldman, for appellants.

Bercow, Radell, Fernandez, Larkin & Tapanes, PLLC, Paul C. Savage, Thomas H. Robertson, and Peter D. Shoemaker, for appellees.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed.    See § 197.552, Fla. Stat. (2023) ("[N]o right, interest, restriction, or other covenant shall survive the issuance of a tax deed . . . ."); Cricket Props., LLC v. Nassau Pointe at Heritage Isles Homeowners Ass'n, Inc., 124 So. 3d 302, 307 (Fla. 2d DCA 2013) (reversing trial court's finding that lien premised on unpaid association assessments survived issuance of tax deed); Futura Realty v. Lone Star Bldg. Ctrs. (E.), Inc., 578 So. 2d 363, 364 (Fla. 3d DCA 1991) (reaffirming "long line of case law establishing caveat emptor as the rule in the sale of commercial property"); Miami-Dade County, Fla., Code of Ordinances, Ch. 24, art. I, § 24-31(1) (2024) ("Whoever commits a violation of this chapter or any lawful rule or regulation promulgated under this chapter *is liable to Miami-Dade County* . . . .") (emphasis added); Murthy v. N. Sinha Corp., 644 So. 2d 983, 986 (Fla. 1994) (observing that legislative intent, as discerned from "language of the statute or the statutory structure," is a prerequisite to implying a private remedy).