PER CURIAM.
Laufen, Inc. and James Jackson, defendants below, appeal a final judgment entered following a non-jury trial in favor of Thomas and Constantina Andrew. The Andrews had contracted with Laufen to repair hurricane damage and make other improvements to their oceanfront single family home in Brevard County, Florida. The complaint alleged, and the proof at trial established, that Laufen breached the contract by failing to complete construction; by failing to pay subcontractors for work done; and by causing (and covering up) extensive additional damage to the home. Contrary to Defendants’ argument, we find that the damage amount awarded on the breach of contract count ($1,165,-356.34 together with pre-judgment interest) was supported by competent, substantial evidence. These same (duplicative) damages were also awarded for counts alleging negligence and violations of the Florida Deceptive and Unfair Trade Practices Act,), section 501.201, et seq., Florida Statutes (“FDUTPA”). An additional $177,272.72 was awarded under a civil theft theory.
Although it makes no difference in the final judgment amount, we agree with Defendants that Andrews’ recovery on a negligence theory was barred by the economic loss rule given the facts of this case. See, e.g., Vesta Construction and Design, LLC v. Lotspeich & Assocs., Inc., 974 So.2d 1176 (Fla. 5th DCA 2008) (explaining that the economic loss rule generally prohibits parties in contractual privity from recovering in tort for damages caused when performing the contract). We also agree that the facts adduced at trial do not support an award of damages for civil theft. Seabridge, Inc. v. Superior Kitchens, Inc., 672 So.2d 848 (Fla. 4th DCA 1996). However, we find no trial court error with respect to the damages awards on the breach of contract or FDUPTA claims.[1] We agree with Defendants that because the same measure of damages applied to both theories of recovery, the final judgment must make clear that the Andrews are only entitled to a single recovery of the damage amount. Montage Group, Ltd. v. Athle-Tech Computer Sys., Inc., 889 So.2d 180, 199 (Fla. 2d DCA 2004) (“A double recovery based on the same elements of damages is prohibited.”).
Accordingly, we reverse as to the negligence and civil theft claims, affirm as to the breach of contract and FDUPTA *900 claims, and remand for entry of an amended final judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
SAWAYA, PALMER and LAWSON, JJ., concur.

. We noted in our independent review of the record that the amended complaint in this case only sought relief from Laufen as to both the breach of contract and FDUPTA counts, but that the final judgment awards damages against both Laufen and Jackson, individually, on the FDUPTA count. Because this issue was never raised in the trial court, or argued as error on appeal, we do not address it.