# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-2977 & 3D12-2457
Lower Tribunal No. 11-10587

_____

**William Kritchman, etc., et al.,**
Appellants/Cross-Appellees,

vs.

**Hunter Wolk,**
Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Gunster, Yoakley & Stewart and Jack J. Aiello and John C. Moran; Heller Waldman, Glen H. Waldman and Eleanor T. Barnett; Akerman and Gerald B. Cope, Jr., for appellants/cross-appellees.

Kluger, Kaplan, Silverman, Katzen & Levine and Erin E. Bohannon, for appellee/cross-appellant.


Before LAGOA, SALTER and EMAS, JJ.

SALTER, J.

William Kritchman and Wells Fargo, N.A.,[1] appeal a final judgment against them, jointly and severally, in favor of the plaintiff below, Hunter Wolk. Mr. Wolk cross-appeals the judgment insofar as it denied relief on two of the four counts of his second amended complaint. The cases arise from a magnanimous settlor's, Mrs. Lola Kritchman's, gifts to pay certain educational expenses of her first cousin's grandson, Mr. Wolk. Mr. Kritchman is the late Mrs. Lola Kritchman's son. Upon her death, Mr. Kritchman became co-trustee (with Wells Fargo) of her inter vivos trust and the personal representative of her estate.

We affirm the trial court's rulings relating to the co-trustees' breach of the Fourth Amended and Restated Lola Kritchman Revocable Trust Agreement (Trust Agreement) and the directive for disgorgement of attorney's fees and costs paid from the Trust to, or for the benefit of, the co-trustees. We reverse the final judgment insofar as it determined that the Trust or Mrs. Kritchman's Estate was liable for Mr. Wolk's possible and future graduate school expenses; and we remand with directions for the entry of an amended final judgment.

Factual and Procedural Background

Mrs. Lola Kritchman created a revocable trust and amended it repeatedly. The Trust Agreement at issue here was entered into in December 2007. The co-

---

[1] Wells Fargo became successor co-trustee of Mrs. Lola Kritchman's revocable trust upon its merger with Wachovia Bank, N.A. For ease of reference, we refer throughout this opinion to Wells Fargo, though much of the relevant history occurred when Wachovia served as the co-trustee.

trustees were Mrs. Kritchman and Wells Fargo. Article I.A. of the Trust Agreement specified that, during Mrs. Kritchman's lifetime, the Trustee was to "pay such sums from principal as [Mrs. Kritchman] may direct at any time." The record establishes that Mrs. Kritchman directed Wells Fargo to make payments for Mr. Wolk's private school tuition for seven years, through his high school graduation in Miami in 2008. Mr. Wolk then entered Yale University as an undergraduate, and Mrs. Kritchman's Trust funded his tuition, room, and board for his freshman and sophomore years.

During Mr. Wolk's sophomore year, on April 17, 2010, Mrs. Kritchman signed and delivered a letter to her trust officer at Wells Fargo stating:

> As you know, I have agreed to pay for Hunter's college education at Yale, as I have for the last 2 years. Thank you for your assistance with the logistics. He will be beginning his junior year in September 2010 and his senior year in 2011. Please make arrangements so that his costs will be paid for those 2 years as well. The cost for his junior year is forty nine thousand eight hundred dollars, which you will see when the school sends its documentation in the next month or so.
>
> Thank you for taking care of this on my behalf.
>
> Sincerely,
>
> [/s/ Mrs. Lola Kritchman]

Mrs. Kritchman's written directive plainly and unambiguously:

- Reminded Wells Fargo that she had paid Mr. Wolk's educational expenses at Yale for the past two years (which was accomplished with funds of the Trust remitted by Wells Fargo to the university);

- Notified Wells Fargo that Mr. Wolk would begin his junior year at Yale in September 2010, five months after the April letter was delivered to Wells Fargo;

- Directed Wells Fargo to "[p]lease make arrangements so that his costs will be paid for those two years [junior and senior] as well;

- Estimated the cost of his junior year would be $49,800.00; and

- Advised that a bill documenting his tuition cost would be forthcoming in the next month or so.

Wells Fargo received this written directive and, consistent with its express terms, Wells Fargo paid Mr. Wolk's educational expenses at Yale for the fall semester of his junior year in September of 2010. But while choosing to comply with this portion of Mrs. Kritchman's written directive, Wells Fargo failed to comply with the remainder of its express terms, which required Wells Fargo to "make arrangements so that his costs will be paid for those two years [junior and senior]. . . ." (Emphasis supplied).

Notwithstanding this directive, Mr. Wolk's Yale tuition, room, and board were not paid by Wells Fargo for his last three semesters at Yale, nor did Wells Fargo "make arrangements"—whether by establishing a reserve or prepaying the costs—to obey Mrs. Kritchman's written, lifetime instruction. Mrs. Kritchman passed away on November 8, 2010. On November 23, 2010, a trust officer from Wells Fargo's wealth management division sent an email to Mr. Wolk's mother assuring her that a check for Mr. Wolk's tuition bill would be sent to Yale by the

4

end of November. Thereafter, Mrs. Kritchman's son and Mr. Wolk's mother disagreed regarding Mrs. Kritchman's last will and testament (and a disputed fourth codicil), and Mr. Kritchman countermanded his mother's written instructions to Wells Fargo. The check for tuition and other expenses was not sent to Yale, nor were those costs paid for his senior year.[2]

Ultimately, Mr. Wolk filed a lawsuit against Wells Fargo and Mr. Kritchman (in Mr. Kritchman's dual capacities as co-trustee of his late mother's revocable trust and as personal representative of her estate). The second amended complaint alleged breaches of written and oral contracts, promissory estoppel, and breach of trust. Mr. Wolk's claims included both the unreimbursed Yale University undergraduate expenses as well as future graduate school expenses. The graduate school claim under the Trust was based on a broad definition of "education" in Article XIX.D. of the Trust Agreement ("In this Agreement. . . .the term 'education' shall be interpreted broadly to include, but not be limited to, the following: precollege private school tuition, vocational school tuition, college or postgraduate school tuition, educational travel, room, board, books, school supplies and travel to and from any of said schools away from home"). However, the Trust

---

[2] Indeed, at the time of oral argument in June 2014, two years after Mr. Wolk's graduation from Yale, Mr. Wolk had not been reimbursed for those expenses by the co-trustees or Mrs. Kritchman's estate. The co-trustees did, however, make a separately-specified pre-residuary gift of $25,000.00 to Mr. Wolk pursuant to article V.D. of the Trust Agreement.

5

Agreement itself included no specific gifts for "education" for Mr. Wolk, and Mrs. Kritchman had not issued any written directive regarding graduate school expenses to her trust officer at Wells Fargo.

The defendants asserted affirmative defenses based on the statute of frauds and an interpretation of the Trust Agreement that nullified (upon Mrs. Kritchman's death) her directive in her letter of April 17, 2010. The parties then cross-moved for partial summary judgments and, thereafter, a final judgment.

The trial court granted final judgment in favor of Mr. Wolk on (a) the breach of oral contract count for the unpaid Yale tuition, room, and board ($85,826.76) plus prejudgment interest, and (b) the breach of trust claim, for the unpaid tuition, room, and board, as well as other expenses, such as books and health insurance (a total of $101,491.93) plus prejudgment interest.[3] The trial court reserved jurisdiction to consider future damages for graduate school tuition, and it concluded that the co-trustees were required to disgorge any amounts removed from the Trust to pay their respective legal expenses. The trial court granted Mr. Kritchman's and Wells Fargo's motions for summary judgment on the claims for breach of a written contract and for promissory estoppel, finding that these were duplicative of the oral contract and breach of trust claims. Mr. Kritchman and

---

[3] The judgments on the oral contract and breach of trust claims are not cumulative; payment of one is creditable against the judgment debt on the other claim as well.

6

Wells Fargo appealed the final judgment, and Mr. Wolk cross-appealed the denial of relief on the written contract and promissory estoppel claims.

Analysis

Wells Fargo was obligated to carry out Mrs. Kritchman's written directive, issued while she was still alive, to "make arrangements" to pay Mr. Wolk's last three semesters of undergraduate tuition, room, and board at Yale. There is no summary judgment evidence indicating that the Trust lacked the ability to make the payments or to establish a reserve to pay them. Indeed, Wells Fargo not only could, but did comply with a portion of Mrs. Kritchman's written directive, by paying Mr. Wolk's tuition, room and board for the fall semester of his junior year. Moreover, the record below includes written communications after the date of Mrs. Kritchman's death whereby (a) Wells Fargo represented to Mr. Wolk's mother that "A check will be going out at the end of the week for Hunter's tuition payment [for the Spring 2011 semester], which is due December 1, 2010," and (b) Wells Fargo secured from Mr. Kritchman a written authorization for his late mother's trust[4] "to continue the promise that your mother made to pay for the tuition, room and board for Hunter Wolk while attending Yale University."

Wells Fargo's attempt to impose additional procedural requirements—none of which are set forth in the Trust Agreement—is unavailing. The record

---

[4] It is noteworthy that the letter authorized the trust to make the payments rather than Mr. Kritchman's late mother's estate.

establishes that the real reason Wells Fargo neither paid for Mr. Wolk's last three semesters at Yale from the Trust assets, nor set aside sufficient assets to pay those costs, is that Mr. Wolk's mother had produced a fourth codicil in Mrs. Kritchman's estate, to Mr. Kritchman's detriment.[5] Wells Fargo failed to comply with the express terms of Mrs. Kritchman's written directive, and with Mr. Kritchman's written authorization, to make necessary arrangements to pay for the entire remaining two years of Mr. Wolk's tuition, room, and board at Yale. Wells Fargo has offered neither summary judgment evidence nor a supportable explanation for parsing Mrs. Kritchman's written directive in such a way as to justify its inaction.

The failure of Wells Fargo to carry out the terms of the Trust, under the factual circumstances of this case, violated sections 736.0801, Florida Statutes (2010) (duty to administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries), 736.0803 (duty to act impartially as among beneficiaries), and 736.0804 (duty to prudently administer the trust by considering the purposes, terms, distribution requirements, and other circumstances of the trust). These breaches of duty establish the liability of the co-trustees for a breach of trust. § 736.1001(1), Fla. Stat. (2010); Covenant Trust Co. v. Guardianship of Ihrman, 45 So. 3d 499, 504 (Fla. 4th DCA 2010). Upon the

_____

[5] This dispute gave rise to an adversary proceeding in the probate case relating to Mrs. Kritchman's estate, Case No. 2011-1562-CP, and a separate (pending) appeal from the final order admitting the codicil to probate, Kritchman v. Spiegel, Case No. 3D14-94.

8

finding of breach of trust, the co-trustees failed to give notice as required by section 736.0802(10), Florida Statutes (2010), justifying the trial court's prohibition of further attorney's fees and costs from assets of the Trust and its order for a refund of previous attorney's fees and costs paid to Wells Fargo from the Trust.[6]

There was also uncontroverted summary judgment evidence establishing Mrs. Kritchman's promise to Mr. Wolk, his reliance on that promise (applying to, and attending, Yale rather than utilizing his prepaid tuition account for a Florida university), and the partial performance of that agreement through the first semester of his junior year. Nonetheless, the trial court did not err in denying the claims for written contract and promissory estoppel, as these were merely duplicative of the other claims. See Laufen, Inc v. Andrew, 83 So. 3d 898, 899 (Fla. 5th DCA 2012) (final judgment should make it clear that plaintiffs are only entitled to a single damages award on two theories of recovery); J&L Enter. v. Jones, 614 So.2d 1151, 1153 (Fla. 4th DCA 1993) (party entitled to relief only on one of several alternative claims).

---

[6] We reject Wells Fargo's argument that it should not be held liable for the breach of trust because it reasonably relied on the language of the Trust Agreement; § 736.1009, Fla. Stat. (2010). This argument was not raised in the trial court, and in any event the Trust Agreement states that the co-trustee "shall" pay such sums as Mrs. Kritchman might direct at any time. Institutional trustees charge and are paid fees for following such directions, and they are exposed to liability when they do not.

Finally, the appellants' claim of error with regard to any future award of expenses for graduate school is well taken. The Trust Agreement did not include any such gift or provision for the benefit of Mr. Wolk, despite its broad definition of "education." A promise of an indeterminate amount, for an indeterminate number of years of graduate school, commencing at an indeterminate time, runs afoul of the Statute of Frauds. We thus reverse the final judgment insofar as it purports to include an award for graduate school expenses "to be determined," and insofar as it awarded Mr. Wolk expenses beyond the tuition, room, and board at Yale as specified by Mrs. Kritchman in separate written instructions under Article I.A. of the Trust Agreement.

Conclusion

For the reasons detailed above, (a) we affirm the final judgment against Wells Fargo and Mr. Kritchman, jointly and severally, for breach of oral contract and breach of trust, although we reduce the amount of damages to the single amount of $85,826.76,[7] plus prejudgment interest, (b) on the cross-appeal, we affirm the final judgment relating to the written contract and promissory estoppel claims, as they are duplicative, (c) we affirm the trial court's prohibition on payment of the co-trustees' attorney's fees and costs from the Trust assets, and the

---

[7] The higher award on one of the counts was apparently computed using the expansive definition of "education" in the Trust Agreement instead of the narrower "tuition, room, and board" specified by Mrs. Kritchman and established over Mr. Wolk's previous five semesters at Yale.

10

directive for disgorgement of any such amounts previously paid from the Trust, and (d) we reverse the final judgment insofar as it contemplated any future liability of the co-trustees, the Trust, or Mrs. Kritchman's estate for future graduate school expenses. We remand the case to the trial court for amendment of the final judgment to modify the damages award as set forth above.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.